# EXHIBIT 1

E-FILED
8/5/2021 2:53 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
21CV385234
Reviewed By: R. Walker

1  Shaun Setareh (SBN 200514)
      shaun@setarehlaw.com
2  William M. Pao (SBN 219846)
      william@setarehlaw.com
3  Nolan Dilts (SBN 328904)
      nolan@setarehlaw.com
4  SETAREH LAW GROUP
   9665 Wilshire Boulevard, Suite 430
5  Beverly Hills, California 90212
   Telephone (310) 888-7771
6  Facsimile (310) 888-0109

7  Attorneys for Plaintiff  JANICE GILMORE

8

9            SUPERIOR COURT OF THE STATE OF CALIFORNIA

10              FOR THE COUNTY OF SANTA CLARA

11                  UNLIMITED JURISDICTION

12

| | |
|---|---|
| 13  JANICE GILMORE, on behalf of herself and all others similarly situated,<br><br>14<br><br>15       *Plaintiff,*<br><br>16       v.<br><br>17  SAFE BOX LOGISTICS INC., a California corporation; FEDERAL EXPRESS CORPORATION, a Delaware corporation;<br>18  FEDEX GROUND PACKAGE SYSTEM, INC., a Delaware corporation; FEDEX<br>19  CORPORATION, a Delaware corporation; and DOES 1 through 50, inclusive,<br>20<br><br>21       *Defendants.* | Case No. **21CV385234**<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR:**<br><br>1.  Failure to Provide Meal Periods (Lab. Code §§ 204, 223, 226.7, 512 and 1198);<br>2.  Failure to Provide Rest Periods (Lab. Code §§ 204, 223, 226.7 and 1198);<br>3.  Failure to Pay Hourly Wages (Lab. Code §§ 223, 510, 1194, 1194.2, 1197, 1997.1 and 1198);<br>4.  Failure to Pay Vacation Wages (Lab. Code § 227.3);<br>5.  Failure to Pay Sick Time (Lab. Code §§ 246 *et seq.*)<br>6.  Failure to Indemnify (Lab. Code § 2802);<br>7.  Failure to Provide Accurate Written Wage Statements (Lab. Code §§ 226(a));<br>8.  Failure to Timely Pay All Final Wages (Lab. Code §§ 201, 202 and 203);<br>9.  Unfair Competition (Bus. & Prof. Code §§ 17200 *et seq.*);<br><br>**JURY TRIAL DEMANDED** |

22

23

24

25

26

27

28

CLASS-ACTION COMPLAINT

1       Plaintiff JANICE GILMORE ("Plaintiff"), on behalf of herself and all others similarly

2   situated, complains and alleges as follows:

3   **<u>INTRODUCTION</u>**

4      1.    Plaintiff brings this class action against defendant SAFE BOX LOGISTICS INC., a

5   California corporation ("SAFE BOX"); FEDERAL EXPRESS CORPORATION, a Delaware

6   Corporation; FEDEX GROUND PACKAGE SYSTEM, INC., a Delaware corporation; FEDEX

7   CORPORATION, a Delaware corporation (the foregoing three Federal Express Entities shall

8   collectively be referred to as "FED-EX"); and DOES 1 through 50, inclusive, (collectively referred

9   to as "Defendants") for alleged violations of the Labor Code. As set forth below, Plaintiff alleges

10  that Defendants have

11      (1)    failed to provide Plaintiff and all other similarly situated individuals with meal

12             periods;

13      (2)    failed to provide them with rest periods;

14      (3)    failed to pay them premium wages for missed meal and/or rest periods;

15      (4)    failed to pay them premium wages for missed meal and/or rest periods at the regular

16             rate of pay;

17      (5)    failed to pay them at least minimum wage for all hours worked;

18      (6)    failed to pay them overtime wages at the correct rate;

19      (7)    failed to pay them double time wages at the correct rate;

20      (8)    failed to pay them overtime and/or double time wages by failing to include all

21             applicable remuneration in calculating the regular rate of pay;

22      (9)    failed to pay them for all vested vacation pay;

23     (10)    failed to reimburse them for all necessary business expenses;

24     (11)    failed to provide them with accurate written wage statements; and

25     (12)    failed to pay them all of their final wages following separation of employment.

26  Based on these alleged violations, Plaintiff now brings this representative action to recover unpaid

27  wages, restitution, statutory penalties, and related relief on behalf of herself and all others similarly

28  situated.

1

## JURISDICTION AND VENUE

2        2.      This Court has subject matter jurisdiction to hear this case because the penalties sought

3   by Plaintiff from Defendants exceeds the minimal jurisdictional limits of the Superior Court of the

4   State of California.

5        3.      Venue is proper in Santa Clara pursuant to Code of Civil Procedure §§ 395(a) and

6   395.5 in that liability arose there, because at least some of the transactions that are the subject matter

7   of this Complaint occurred therein and/or each defendant is found, maintains offices, transacts

8   business, and/or has an agent therein.

9                                        ## PARTIES

10       4.      Plaintiff is and was, and at all relevant times mentioned herein, an individual

11  residing in the State of California.

12       5.      Plaintiff is informed and believes, and thereupon alleges, that Defendant SAFE

13  BOX LOGISTICS INC. is, and at all relevant times mentioned herein, a California corporation

14  doing business in the State of California.

15       6.      Plaintiff is informed and believes, and thereupon alleges, that Defendant FEDERAL

16  EXPRESS CORPORATION is, and at all relevant times mentioned herein, a Delaware corporation

17  doing business in the State of California.

18       7.      Plaintiff is informed and believes, and thereupon alleges, that Defendant FEDEX

19  GROUND PACKAGE SYSTEM, INC. is, and at all relevant times mentioned herein, a Delaware

20  corporation doing business in the State of California.

21       8.      Plaintiff is informed and believes, and thereupon alleges, that Defendant FEDEX

22  CORPORATION is, and at all relevant times mentioned herein, a Delaware corporation doing

23  business in the State of California.

24       9.      Plaintiff is ignorant of the true names and capacities of the defendants sued herein as

25  DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names.

26  Plaintiff will amend this Complaint to allege the true names and capacities of the DOE defendants

27  when ascertained.  Plaintiff is informed and believes, and thereupon alleges, that each of the

28  fictitiously named defendants are responsible in some manner for the occurrences, acts and

1  omissions alleged herein and that Plaintiff's alleged damages were proximately caused by these

2  defendants, and each of them.  Plaintiff will amend this complaint to allege both the true names and

3  capacities of the DOE defendants when ascertained.

4      10.    Plaintiff is informed and believes, and thereupon alleges that, at all relevant times

5  mentioned herein, some or all of the defendants were the representatives, agents, employees,

6  partners, directors, associates, joint venturers, joint employers, principals, or co-participants of some

7  or all of the other defendants, and, in doing the things alleged herein, were acting within the course

8  and scope of such relationship and with the full knowledge, consent, and ratification by such other

9  defendants.

10                          **CLASS ALLEGATIONS**

11     11.    This action has been brought and may be maintained as a class action pursuant to

12  Code of Civil Procedure § 382, because there is a well-defined community of interest among the

13  persons who comprise the readily ascertainable classes defined below and because Plaintiff is

14  unaware of any difficulties likely to be encountered in managing this case as a class action.

15     12.    **Relevant Time Period**: The relevant time period is defined as the time period

16  beginning four years prior to the filing of this action until judgment is entered.

17     **Hourly Employee Class**:  All persons employed by FED-EX, including but not
   limited to SAFE BOX and all other contractors and/or any third party companies in
18  California during the **Relevant Time Period** who drive and deliver packages.

19         **Meal Period Sub-Class**: All **Hourly Employee Class** members who worked
           in a shift in excess of five hours during the **Relevant Time Period**.
20
           **Rest Period Sub-Class**: All **Hourly Employee Class** members who worked
21         a shift of at least three and one-half (3.5) hours during the **Relevant Time
           Period**.
22
           **Wage Statement Penalties Sub-Class**: All **Hourly Employee Class**
23         members employed by Defendants in California during the period beginning
           one year before the filing of this action and ending when final judgment is
24         entered.

25         **Waiting Time Penalties Sub-Class**: All **Hourly Employee Class** members
           who separated from their employment with Defendants during the period
26         beginning three years before the filing of this action and ending when final
           judgment is entered.
27
   **UCL Sub-Class**: All **Hourly Employee Class** members employed by Defendants in
28  California during the **Relevant Time Period**.

                                    3

**Expense Reimbursement Sub-Class:** All **Hourly Employee Class** members in California who used their cell phone and/or had a uniform and/or purchased hand sanitizer and/or gloves, and/or masks and/or cleaning wipes during the **Relevant Time Period**.

**Vacation Pay Sub-Class**: All **Hourly Employee Class** members who earned paid vacation days, including but not limited to, "Floating Holidays," without receiving compensation for each vested paid vacation day during the **Relevant Time Period**.

**Floating Holiday Sub-Class**: All **Hourly Employee Class** members in California who were eligible to receive compensation for "floating holidays" during the **Relevant Time Period**.

13. **Reservation of Rights**: Pursuant to Rule of Court 3.765(b), Plaintiff reserves the right to amend or modify the class definitions with greater specificity by further division into sub-classes and/or by limitation to particular issues.

14. **Numerosity**: The class members are so numerous that the individual joinder of each individual class member is impractical. While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes, and thereupon alleges, that the actual number exceeds the minimum required for numerosity under California law.

15. **Commonality and Predominance:** Common questions of law and fact exist as to all class members and predominate over any questions that affect only individual class members. These common questions include, but are not limited to:

    i.    Whether Defendants maintained a policy or practice of failing to provide employees with their meal periods;

    ii.    Whether Defendants maintained a policy or practice of failing to provide employees with their rest periods;

    iii.    Whether Defendants failed to pay premium wages to class members when they have not been provided with required meal and/or rest periods;

    iv.    Whether Defendants failed to pay minimum and/or overtime wages to class members as a result of policies that fail to provide meal periods in accordance with California law;

    v.    Whether Defendants failed to pay minimum and/or overtime wages to class members

1    for all time worked;

2    vi.    Whether Defendants used payroll formulas that systematically fail to account for

3           non-discretionary bonuses and/or other applicable remuneration when calculating

4           regular rates of pay for class members;

5    vii.   Whether Defendants failed to pay overtime wages to class members as a result of

6           incorrectly calculating their regular rates of pay;

7    viii.  Whether Defendants failed to pay premium wages to class members based on their

8           respective "regular rates of compensation" by not including commissions and/or

9           other applicable remuneration in calculating the rates at which those wages are paid;

10   ix.    Whether Defendants failed to provide proportionate accruals for vested vacation time

11          for class members as required by California law;

12   x.     Whether Defendants subjected the vacation time and/or floating holidays they offer

13          to class members to forfeiture;

14   xi.    Whether Defendants failed to reimburse class members for all necessary business

15          expenses incurred during the discharge of their duties;

16   xii.   Whether Defendants failed to provide class members with accurate written wage

17          statements as a result of providing them with written wage statements with

18          inaccurate entries for, among other things, amounts of gross and net wages, and total

19          hours worked;

20   xiii.  Whether Defendants applied policies or practices that result in late and/or incomplete

21          final wage payments;

22   xiv.   Whether Defendants are liable to class members for waiting time penalties under

23          Labor Code section 203;

24   xv.    Whether class members are entitled to restitution of money or property that

25          Defendants may have acquired from them through unfair competition;

26   16.    **Typicality:** Plaintiff's claims are typical of the other class members' claims. Plaintiff

27   is informed and believes, and thereupon alleges, that Defendants have a policy or practice of failing

28   to comply with the Labor Code and Business and Professions Code as alleged in this Complaint.

1     17.    **Adequacy of Class Representative:** Plaintiff is an adequate class representative in
2 that she has no interests that are adverse to or otherwise conflict with the interests of absent class
3 members and is dedicated to vigorously prosecuting this action on their behalf. Plaintiff will fairly
4 and adequately represent and protect the interests of the other class members.

5     18.    **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that
6 they have no known conflicts of interest with Plaintiff or absent class members, are experienced in
7 wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on
8 behalf of Plaintiff and absent class members.

9     19.    **Superiority:** A class action is vastly superior to other available means for fair and
10 efficient adjudication of the class members' claims and would be beneficial to the parties and the
11 Court. Class action treatment will allow a number of similarly situated persons to prosecute their
12 common claims simultaneously and efficiently in a single forum without the unnecessary
13 duplication of effort and expense that numerous individual actions would entail. In addition, the
14 monetary amounts due to many individual class members are likely to be relatively small and would
15 thus make it difficult, if not impossible, for individual class members to both seek and obtain relief.
16 Moreover, a class action will serve an important public interest by permitting class members to
17 effectively pursue the recovery of monies owed to them. Further, a class action will prevent the
18 potential for inconsistent or contradictory judgments inherent in individual litigation.

19                **GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

20     20.    Plaintiff worked for Defendants as an hourly, non-exempt employee from
21 approximately October 2019 through August 4, 2020.

22                              **Joint Employment**

23     FEDERAL EXPRESS CORPORATION, and/or FEDEX CORPORATION, and/or FEDEX
24 GROUND PACKAGE SYSTEM, INC. (hereafter referred to collectively as "FedEx") contract with
25 approximately 5,000 different companies which handle FedEx Ground deliveries across the United
26 States and also in California. SAFE BOX LOGISTICS INC. is one of these many contractors.
27 FedEx jointly employed Gilmore with SAFE BOX LOGISTICS INC. FedEx similarly jointly
28 employs its Drivers with the thousands of other contractors through an interconnected business

1  structure. Gilmore and aggrieved employees were paid by FedEx. During their employment
2  Gilmore and aggrieved employees wore uniforms with the "FedEx" logo on them, as did Gilmore's
3  managers and supervisors Terry, Will, and Angel [surnames unknown]. Gilmore and aggrieved
4  employees' schedule and working hours were set by FedEx. The routes that Gilmore and aggrieved
5  employees took delivering packages were controlled and created by FedEx. Gilmore worked
6  primarily out of a warehouse in Roseville, California. The warehouse was owned and controlled by
7  FedEx. The warehouse had signage indicating that it was a FedEx Warehouse. The truck that
8  Gilmore and aggrieved employees drove was marked as a FedEx truck. A large FedEx logo
9  appeared on the truck. The truck was supplied by FedEx. Gilmore and aggrieved employees were
10 provided with a scanner to collect information about packages and transmit that information to
11 FedEx. Gilmore and aggrieved employees were provided with a tablet that was preloaded with an
12 application to provide route directions and destinations. The application was a FedEx application.
13 Gilmore and aggrieved employees signed in through a FedEx application to begin scanning
14 packages and signed out of the FedEx application at the end of their workdays. Gilmore and
15 aggrieved employees were jointly employed by both SAFE BOX LOGISTICS INC. and FedEx.

16                      **Security Check and Off-the-Clock**

17     21.     Plaintiff and the putative class were required to go through a security check at the
18 time of entering and leaving the premises on which they worked. The security check required
19 Plaintiff and the putative class to first wait in a general-purpose line where anyone who wanted to
20 enter the venue was required to go through a security screening. All delivery drivers would have to
21 go through the security checks so it would take between five (5) and fifteen (15) minutes on
22 average to complete.

23     22.     Plaintiff and the putative class were required to spend at least five (5) to fifteen (15)
24 minutes each time they went through the security check—time that was not paid by Defendants.

25     23.     Plaintiff and the putative class were required to go through the security check prior
26 to clocking in at the beginning of each work shift and were required to clock out first at the end of
27 each work shift prior to going through the security check.

28     24.     Based on the above, Defendants' security check practices have resulted in

1 | substantial amounts of time not recorded as hours worked therefore resulting in substantial
2 | amounts of wages not paid to Plaintiff and the putative class.

3 | 25.    Additionally, Plaintiff and the putative class were required to secure their truck and
4 | get routes from management before clocking in. Plaintiff and the putative class were required to
5 | perform a comprehensive inspection of both the outside of their vehicle as well as all the packages
6 | inside before clocking in. Conducting this inspection at the beginning of the day could take a long
7 | time, and many times Plaintiff would not clock in until an hour after she arrived and began
8 | performing work duties.

9 | 26.    Plaintiff and the putative class were likewise required to inspect their vehicles after
10 | clocking out each evening. This was further time spent working that was not compensated to
11 | Plaintiff and the putative class.

12 | 27.    As more specifically delineated herein below; Defendant's automatically deducted a
13 | half hours pay whether or not a meal break was taken on each day.  Plaintiff and the putative class
14 | had this time automatically deducted despite not taking their full meal breaks or any meal break at
15 | all.

16 | 28.    As a result of performing off-the-clock work that was directed, permitted, or
17 | otherwise encouraged by Defendants, Plaintiff and the putative class should have been paid for this
18 | time. Instead, Defendants only paid Plaintiff and the putative class based on the time they were
19 | clocked in for their shifts and did not pay Plaintiff and the putative class for any of the time spent
20 | working off-the-clock.

21 | 29.    Defendants knew or should have known that Plaintiff and the putative class were
22 | performing work before and after their scheduled work shifts and failed to pay Plaintiff and the
23 | putative class for these hours.

24 | 30.    Defendants were aware of this practice and directed, permitted, or otherwise
25 | encouraged Plaintiff and the putative class to perform off-the-clock work.

26 | **Improper Rounding Practices**

27 | 31.    Defendants utilize and utilized, at all relevant times herein, a rounding practice that
28 | is not and was not "fair and neutral" and that results and resulted in a failure to pay employees over

1 | a period of time.

2 |     32.    Plaintiff is informed and believes, and thereupon alleges, that Defendants have not,
3 | did not, and do not keep accurate records of actual hours worked by Plaintiff and the putative class.
4 | In the absence of records showing actual hours worked, Plaintiff and the putative class are unable to
5 | ascertain whether (1) Defendants' rounding practices comply with California law; (2) whether
6 | Defendants' rounding practices resulted over a period of time, in failure to compensate Plaintiff and
7 | the putative class properly for all the time they actually worked; and (3) whether Plaintiff and the
8 | putative class were properly paid for all hours worked.

9 |     33.    Moreover, Defendants utilized a rounding practice that required Plaintiff and the
10 | putative class to round their start times to the next quarter hour.  For example, if an employee was
11 | scheduled to work at 7:00 a.m., that employee had a brief grace period to clock in for his or her
12 | shift by that time. If this employee were to attempt to clock in after the expiration of the grace
13 | period, the employee's start time would be rounded to the next quarter hour, which would be
14 | 7:15a.m., even though the employee commenced work at 7:09 a.m.

15 | **Missed Meal Periods**

16 |     34.    During their employment with Defendants, Plaintiff and the putative class regularly
17 | worked shifts of eight to twelve hours per day, without being afforded a meal break during the first
18 | five hours, and/or a second meal break after ten hours, as required by California law. Defendants
19 | had a policy of automatically deducting one half hour from Plaintiff's and the putative class's
20 | paychecks, regardless of whether Plaintiff and the putative class received a meal period or not.

21 |     35.    Plaintiff and the putative class were not provided with meal periods of at least thirty
22 | (30) minutes for each five (5) hour work period due to (1) Defendants' policy of not scheduling
23 | each meal period as part of each work shift; (2) chronically understaffing each work shift with not
24 | enough workers; (3) imposing so much work on each employee such that it made it unlikely that an
25 | employee would be able to take their breaks if they wanted to finish their work on time; and (4) no
26 | formal written meal and rest period policy that encouraged employees to take their meal and rest
27 | periods.

28 |     36.    As a result of Defendants' policy, Plaintiff and the putative class were regularly not

provided with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hours worked due to complying with Defendants' productivity requirements that required Plaintiff and the putative class to work through their meal periods in order to complete their assignments on time.

37.     Plaintiff and the putative class were required to text their managing supervisor when they were taking lunch. Management would then unilaterally deduct one half hour from their clocked-in hours to reflect a meal period. However, Plaintiff's manager Angel [surname unknown] would almost always call to interrupt plaintiff's meal period with pressing work tasks and/or to give instructions. Plaintiff and the putative class were instructed not to leave their truck and were required to stay at their workstation and otherwise not exercise their right to be relieved of work obligations while they took their meal period. Especially during the coronavirus pandemic, delivery drivers were given extremely high volumes of packages to deliver to Americans largely confined indoors. Defendants' management frequently gave Plaintiff and the putative class more destinations and work during their meal periods with the expectation that they drop what they are doing and immediately attend to their work duties despite Defendants auto deducting one half hour

38.     At least twice a week, Plaintiff was given such a large amount of work that she knew she would fall too far behind if she took a lunch period, so she was unable to if she had any hope of staying on schedule.

**Missed Rest Periods**

39.     Plaintiff and the putative class were not provided with rest periods of at least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1) Defendants' policy of not scheduling each rest period as part of each work shift; (2) chronically understaffing each work shift with not enough workers; (3) imposing so much work on each employee such that it made it unlikely that an employee would be able to take their breaks if they wanted to finish their work on time; and (4) no formal written meal and rest period policy that encouraged employees to take their meal and rest periods.

40.     On many occasions, plaintiff and the putative class were only provided with one rest break. Plaintiff and the putative class never had their rest periods recorded or scheduled, they were

1  instructed to text their manager when they were on a rest break; however, they were almost never

2  afforded time to rest and were frequently interrupted if they did text their manager to take a rest

3  break.

4      41.    As a result of Defendants' policy, Plaintiff and the putative class were regularly not

5  provided with uninterrupted rest periods of at least ten (10) minutes for each four (4) hours worked

6  due to complying with Defendants' productivity requirements that required Plaintiff and the

7  putative class to work through their rest periods in order to complete their assignments on time.

8                                    **Vacation Pay**

9      42.    Plaintiff and the putative class accrued vacation wages during their employment with

10 Defendants.

11     43.    Vacation wages are considered a form of wages under Labor Code § 200. Vested

12 vacation pay and other similar forms of paid time off earned based on labor performed are

13 considered wages that cannot be subject to forfeiture without compensation for forfeited days at the

14 applicable rates required by law.

15     44.    At all relevant times, Defendants maintained policies that provide for the unlawful

16 forfeiture of vested vacation pay in violation of Labor Code § 227.3 and *Suastez v. Plastic Dress-*

17 *Up Co.*, (1982) 31 Cal. 3d 774.

18     45.    Plaintiff and the putative class are entitled to vacation accrued during their

19 employment with Defendants. Upon termination, Plaintiff and the putative class were not paid all

20 accrued vacation pay.

21                                **Expense Reimbursement**

22     46.    Plaintiff and the putative class members were required to utilize their own personal

23 cell phones to perform their job duties.

24     47.    Plaintiff and the putative class members were not reimbursed for business expenses

25 incurred in frequently using their cell phones to navigate when the tablet they were provided did not

26 function, to contact management and communicate pertinent information regarding their work

27 obligations. Furthermore, Plaintiff and the putative class members were required to mark packages

28 and purchase their own markers. During the heightened health safety precautions adopted during the

coronavirus pandemic, Defendants lacked protective supplies such as hand sanitizer, cleaning wipes, masks and gloves. Plaintiff and the putative class supplied their own cleaning and precautionary sanitary equipment in order to safely do their job and were not reimbursed by defendants.

48.     Plaintiff and the putative class were provided with a work uniform which they were instructed to wear. Plaintiff and the putative class were forced to maintain their uniform themselves and would regularly wash their uniform to keep it presentable for the employer's benefit. Plaintiff's uniform was too large because she was provided with a male uniform that would constantly fall off during her work shift. Plaintiff purchased her own uniform and was not reimbursed for the cost.

49.     In addition, Plaintiff and the putative class members were not paid at least two times the minimum wage for all hours worked.

50.     Defendants failed to reimburse Plaintiff and the putative class for such necessary business expenses incurred by them.

<u>**Wage Statements**</u>

51.     Plaintiff and the putative class were not provided with accurate wage statements as mandated by law pursuant to Labor Code § 226.

52.     Defendants failed to comply with Labor Code 0167 226(a)(1) as "gross wages earned" were not accurately reflected in that all hours worked, including overtime, were not included.

53.     Defendants failed to comply with Labor Code section 226(a)(2) as "total hours worked by the employee" were not accurately reflected in that all hours worked, including overtime, were not included.

54.     Defendants failed to comply with Labor Code section 226(a)(4) as "all deductions" were not accurately reflected in that deductions, even "aggregated and shown as one item," were not included.

55.     Defendants failed to comply with Labor Code section 226(a)(5) as "net wages earned" were not accurately reflected in that all hours worked, including overtime, were not included.

56.   Defendants failed to comply with Labor Code section 226(a)(6) as "the inclusive dates of the period for which the employee is paid" were not included.

57.   Defendants failed to comply with Labor Code section 226(a)(7) as "the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number" were not accurately reflected in that an employee identification number or the last four digits of her social security number were not included.

58.   Defendants failed to comply with Labor Code section 226(a)(9) as "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee" were not accurately reflected in that all hours worked, including overtime, were not included.

59.   Additionally, Plaintiff was paid at a rate of one dollar per hour and credited with 206.64 hours worked for the pay period beginning January 21, 2020 and ending February 3, 2020. This is and was clearly erroneous. Defendants systematically provided erroneous wage statements, resulting in substantial underpayment of wages earned by Plaintiff and the putative class.

**FIRST CAUSE OF ACTION**

**FAILURE TO PROVIDE MEAL PERIODS**

**(Lab. Code §§ 204, 223, 226.7, 512 and 1198)**

**(Plaintiff and Meal Period Sub-Class)**

60.   Plaintiff incorporates by reference the preceding paragraphs as if fully alleged herein.

61.   At all relevant times, Plaintiff and the **Meal Period Sub-Class** members have been non-exempt employees of Defendants entitled to the full meal period protections of both the Labor Code and the applicable Industrial Welfare Commission Wage Order ("Wage Order").

62.   Labor Code § 512 and § 11 of the applicable Wage Order impose an affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period of five hours, and to provide them with two uninterrupted, duty-free meal periods of at least thirty minutes for each work period of ten hours.

63.     Labor Code § 226.7 and § 11 of the applicable Wage Order both prohibit employers from requiring employees to work during required meal periods and require employers to pay non-exempt employees an hour of premium wages on each workday that the employee is not provided with the required meal period.

64.     Compensation for missed meal periods constitutes wages within the meaning of Labor Code § 200.

65.     Labor Code § 1198 makes it unlawful to employ a person under conditions that violate the applicable Wage Order.

66.     Section 11 of the applicable Wage Order states:

> "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked. An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

67.     At all relevant times, Plaintiff was not subject to a valid on-duty meal period agreement. Plaintiff is informed and believes that, at all relevant times, **Meal Period Sub-Class** members were not subject to valid on-duty meal period agreements with Defendants.

68.     Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal Period Sub-Class** with uninterrupted, duty-free meal periods for at least thirty (30) minutes for each five (5) hour work period, as required by Labor Code § 512 and the applicable Wage Order.

69.     Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of failing to pay premium wages to **Meal Period Sub-Class** members when they worked five (5) hours without clocking out for any meal period.

70.     Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of automatically deducting one half hour for a meal period from the paychecks of **Meal Period Sub-Class** members on each day they worked,

1 | regardless of whether or not they were able to take an uninterrupted, duty-free meal period.

2 |     71.    Moreover, Defendants' written policies do not provide that employees must take
3 | their first meal period before the end of the fifth hour of work, that employees are entitled to a
4 | second meal period if they work a shift of over ten hours, or that the second meal period must
5 | commence before the end of the tenth hour of work, unless waived.

6 |     72.    At all relevant times, Defendants failed to pay Plaintiff and the **Meal Period Sub-**
7 | **Class** members additional premium wages, and/or were not paid premium wages at the employees'
8 | regular rates of pay when required meal periods were not provided.

9 |     73.    Pursuant to Labor Code §§ 204, 218.6 and 226.7, Plaintiff, on behalf of herself and
10 | the **Meal Period Sub-Class** members, seek to recover unpaid premium wages, interest thereon, and
11 | costs of suit.

12 |     74.    Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial
13 | benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and the **Meal**
14 | **Period Sub-Class** members, seeks to recover reasonable attorneys' fees.

15 | ### SECOND CAUSE OF ACTION

16 | ### FAILURE TO PROVIDE REST PERIODS

17 | **(Lab. Code §§ 204, 223, 226.7 and 1198)**

18 | **(Plaintiff and Rest Period Sub-Class)**

19 |     75.    Plaintiff incorporates the preceding paragraphs as if fully alleged herein.

20 |     76.    At all relevant times, Plaintiff and the **Rest Period Sub-Class** members have been
21 | non-exempt employees of Defendants entitled to the full rest period protections of both the Labor
22 | Code and the applicable Wage Order.

23 |     77.    Section 12 of the applicable Wage Order imposes an affirmative obligation on
24 | employers to permit and authorize employees to take required rest periods at a rate of no less than
25 | ten minutes of net rest time for each four-hour work period, or major fraction thereof, that must be
26 | in the middle of each work period insofar as practicable.

27 |     78.    Labor Code § 226.7 and § 12 of the applicable Wage Order both prohibit employers
28 | from requiring employees to work during required rest periods and require employers to pay non-

1 | exempt employees an hour of premium wages at the employees' regular rates of pay, on each
2 | workday that the employee is not provided with the required rest period(s).

3 |      79.    Compensation for missed rest periods constitutes wages within the meaning of Labor
4 | Code § 200.

5 |      80.    Labor Code § 1198 makes it unlawful to employ a person under conditions that
6 | violate the Wage Order.

7 |      81.    Plaintiff alleges that, at all relevant times during the applicable limitations period,
8 | Defendants maintained a policy or practice of not providing members of the **Rest Period Sub-Class**
9 | with net rest period of at least ten minutes for each four-hour work period, or major fraction thereof,
10 | as required by the applicable Wage Order.

11 |      82.    At all relevant times, Defendants failed to pay Plaintiff and the **Rest Period Sub-**
12 | **Class** members additional premium wages when required rest periods were not provided.

13 |      83.    Specifically, Defendants written policies do not provide that employees may take a
14 | rest period for each four hours worked, or major fraction thereof, nor that rest periods should be
15 | taken in the middle of each work period insofar as practicable.

16 |      84.    Pursuant to Labor Code §§ 204, 218.6 and 226.7, Plaintiff, on behalf of herself and
17 | **Rest Period Sub-Class** members, seeks to recover unpaid premium wages, interest thereon, and
18 | costs of suit.

19 |      85.    Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial
20 | benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and **Rest Period**
21 | **Sub-Class** members, seeks to recover reasonable attorneys' fees.

22 | <div align="center">**THIRD CAUSE OF ACTION**</div>

23 | <div align="center">**FAILURE TO PAY HOURLY AND OVERTIME WAGES**</div>

24 | <div align="center">**(Lab. Code §§ 223, 510, 1194, 1197 and 1198)**</div>

25 | <div align="center">**(Plaintiff and Hourly Employee Class)**</div>

26 |      86.    Plaintiff incorporates the preceding paragraphs as if fully alleged herein.

27 |      87.    At all relevant times, Plaintiff and **Hourly Employee Class** members are or have
28 | been non-exempt employees of Defendants entitled to the full protections of the Labor Code and the

1   applicable Wage Order.

2       88.     Section 2 of the applicable Wage Order defines "hours worked" as "the time during

3   which an employee is subject to the control of the employer, and includes all the time the employee

4   is suffered or permitted to work, whether or not required to do so."

5       89.     Section 4 of the applicable Wage Order requires an employer to pay non-exempt

6   employees at least the minimum wage set forth therein for all hours worked, which consists of all

7   hours that an employer has actual or constructive knowledge that employees are working.

8       90.     Labor Code § 1194 invalidates any agreement between an employer and an

9   employee to work for less than the minimum or overtime wage required under the applicable Wage

10  Order.

11      91.     Labor Code § 1194.2 entitles non-exempt employees to recover liquidated damages

12  in amounts equal to the amounts of unpaid minimum wages and interest thereon in addition to the

13  underlying unpaid minimum wages and interest thereon.

14      92.     Labor Code § 1197 makes it unlawful for an employer to pay an employee less than

15  the minimum wage required under the applicable Wage Order for all hours worked during a payroll

16  period.

17      93.     Labor Code § 1197.1 provides that it is unlawful for any employer or any other

18  person acting either individually or as an officer, agent, or employee of another person to pay an

19  employee, or cause an employee to be paid, less than the applicable minimum wage.

20      94.     Labor Code § 1198 makes it unlawful for employers to employ employees under

21  conditions that violate the applicable Wage Order.

22      95.     Labor Code § 204 requires employers to pay non-exempt employees their earned

23  wages for the normal work period at least twice during each calendar month on days the employer

24  designates in advance and to pay non-exempt employees their earned wages for labor performed in

25  excess of the normal work period by no later than the next regular payday.

26      96.     Labor Code § 223 makes it unlawful for employers to pay their employees lower

27  wages than required by contract or statute while purporting to pay them legal wages.

28      97.     Labor Code § 510 and § 3 of the applicable Wage Order require employers to pay

1 non-exempt employees overtime wages of no less than one and one-half times the employees'
2 respective regular rates of pay for all hours worked in excess of eight hours in one workday, all
3 hours worked in excess of forty hours in one workweek, and for the first eight hours worked on the
4 seventh consecutive day of one workweek.

5      98.     Labor Code § 510 and § 3 of the applicable Wage Order also require employers to
6 pay non-exempt employees overtime wages of no less than two times the employees' respective
7 regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours
8 worked in excess of eight hours on a seventh consecutive workday during the workweek.

9      99.     Plaintiff is informed and believes that, at all relevant times, Defendants have applied
10 centrally devised policies and practices to her and **Hourly Employee Class** members with respect
11 to working conditions and compensation arrangements.

12      100.     At all relevant times, Defendants failed to pay hourly wages to Plaintiff and **Hourly**
13 **Employee Class** members for all time worked, including but not limited to, overtime hours at
14 statutory and/or agreed rates.

15      101.     At all relevant times during the applicable limitations period, Defendants maintained
16 a policy or practice of automatically deducting one half hour from Plaintiff's timecard on every
17 workday for a meal period, regardless of whether or not Plaintiff was provided with a meal period.

18      102.     Plaintiff is informed and believes that, at all relevant times during the applicable
19 limitations period, Defendants maintained a policy or practice of automatically deducting one half
20 hour from **Hourly Employee Class** members' timecard on every workday for a meal period,
21 regardless of whether or not **Hourly Employee Class** members were provided with a meal period.

22      103.     As a result of Defendants' policy or practice of automatically deducting one half
23 hour from employees' timecards for every workday for a meal period, Plaintiff and **Hourly**
24 **Employee Class** members were required to perform off-the-clock work that Defendants either
25 knew or should have known they were working.

26      104.     At all relevant times, Defendants failed to pay hourly wages to Plaintiff for all time
27 worked, including but not limited to, overtime wages at statutory and/or agreed rates by suffering or
28 permitting her to work during unpaid meal periods and/or failing to properly pay Plaintiff for all

1  overtime hours worked.

2      105.   Plaintiff is informed and believes that, at all relevant times during the applicable

3  limitations period, Defendants maintained a policy or practice of not paying hourly wages to

4  **Hourly Employee Class** members for all time worked, including but not limited to, overtime hours

5  at statutory and/or agreed rates by suffering or permitting them to work during unpaid meal periods.

6      106.   Section 9 of the applicable Wage Order states:

7          "When uniforms are required by the employer to be worn by the employee as
           a condition of employment, such uniforms shall be provided and maintained
8          by the employer. The term 'uniform' includes wearing apparel and
           accessories of distinctive design or color."

9

10     107.   If the employer does not choose to maintain employees' uniforms itself where it is

11 required to do so, the Division of Labor Standards Enforcement ("DLSE") takes the position that

12 the employer may pay each affected employee a weekly maintenance allowance of an hour's pay at

13 the state minimum wage rate in lieu of maintaining the uniforms, assuming that an hour is a realistic

14 estimate of the time involved in maintaining the uniform.

15     108.   At all relevant times during the applicable limitations period, and in violation of the

16 above-referenced sections of the Labor Code and the applicable Wage Order, Defendants failed to

17 compensate Plaintiff with minimum and/or overtime wages for all hours she worked as a result of

18 its failure to maintain employee uniforms or pay her a weekly maintenance allowance.

19     109.   Plaintiff is informed and believes that, at all relevant times and in violation of the

20 above-referenced sections of the Labor Code and the applicable Wage Order, Defendants failed to

21 compensate **Hourly Employee Class** members with minimum and/or overtime wages for all hours

22 they worked as a result of its failures to maintain employee uniforms or pay them a weekly

23 maintenance allowance.

24     110.   During the relevant time period, Defendants failed to pay Plaintiff and **Hourly**

25 **Employee Class** members all earned wages every pay period at the correct rates, including

26 overtime rates, because Defendants directed, permitted, or otherwise encouraged Plaintiff and

27 **Hourly Employee Class** members to perform off-the-clock work.

28     111.   As a result of Defendants' unlawful conduct, Plaintiff and **Hourly Employee Class**

members have suffered damages in an amount subject to proof, to the extent they were not paid the full amount of wages earned during each pay period during the applicable limitations period, including overtime wages.

112.    Pursuant to Labor Code §§ 204, 218.6, 223, 510, 1194 and 1194.2, Plaintiff, on behalf of herself and **Hourly Employee Class** members, seeks to recover unpaid straight time and overtime wages, interest thereon, and costs of suit.

113.    Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and **Hourly Employee Class** members, seeks to recover reasonable attorneys' fees.

## FOURTH CAUSE OF ACTION

### FAILURE TO PAY VACATION WAGES

### (Lab. Code § 227.3)

### (Plaintiff and Vacation Pay Sub-Class)

114.    Plaintiff incorporates the preceding paragraphs as if fully alleged herein.

115.    California Labor Code section 227.3 provides:

> Unless otherwise provided by a collective-bargaining agreement, whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served; provided, however, that an employment contract or employer policy shall not provide for forfeiture of vested vacation time upon termination. The Labor Commissioner or a designated representative, in the resolution of any dispute with regard to vested vacation time, shall apply the principles of equity and fairness.

116.    At all relevant times during the applicable limitations period, Plaintiff and members of the **Vacation Pay Sub-Class** accrued vacation time during their employment with Defendants.

117.    As a result of Defendants' reimbursement policies and practices, Plaintiff is informed and believes and thereon alleges that Defendants failed to reimburse her and **Vacation Pay Sub-Class** members for all accrued vacation wages.

118.    By reason of the above, Plaintiff and the members of the **Vacation Pay Sub-Class** are entitled to restitution for all unpaid amounts due and owing to within four years (4) of the date of the filing of the original Complaint until the date of entry of judgment.

119.    Plaintiff, on behalf of herself and the members of the **Vacation Pay Sub-Class**, seeks interest thereon pursuant to California Labor Code section 218.6, costs pursuant to California Labor Code section 218.6, and reasonable attorneys' fees pursuant to California Code of Civil Procedure section 1021.5.

### FIFTH CAUSE OF ACTION

### FAILURE TO PROVIDE SICK PAY

### (Lab. Code §§ 245, et seq.)

### (Plaintiff and Sick Pay Sub-Class)

120.    Plaintiff incorporates the preceding paragraphs as if fully alleged herein.

121.    Labor Code section 246(a)(1) states in pertinent part:

An employee who, on or after July 1, 2015, works in California for the same employer for 30 or more days within a year from the commencement of employment is entitled to paid sick days as specified in this section.

122.    Labor Code section 246(b)(1) states in pertinent part:

An employee shall accrue paid sick days at the rate of not less than one hour per every 30 hours worked, beginning at the commencement of employment or the operate date of this article, whichever is later, subject to the use and accrual limitations set forth in this section.

123.    Plaintiff is informed and believes and thereon alleges that, at all relevant times, Defendants have maintained a policy and practice of not paying **Sick Pay Sub-Class** members paid sick days as required by Labor Code § 245, *et sequitur* during their employment when **Sick Pay Sub-Class** members were out due to covered reasons.

124.    By reason of the above, Plaintiff and the members of the **Sick Pay Sub-Class** are entitled to restitution for all unpaid amounts due and owing to within four years (4) of the date of the filing of the Complaint until the date of entry of judgment.

125.    Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and **Sick Pay Sub-Class** members, seeks to recover reasonable attorneys' fees.

///

///

///

1 | ///

2

## SIXTH CAUSE OF ACTION

## FAILURE TO INDEMNIFY

## (Lab. Code § 2802)

### (Plaintiff and Expense Reimbursement Sub-Class)

126. Plaintiff incorporates the preceding paragraphs as if fully alleged herein.

127. Labor Code section 2802(a) states:

An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

128. At all relevant times during the applicable limitations period, Plaintiff and the **Expense Reimbursement Sub-Class** members incurred necessary business-related expenses and costs, including but not limited to, frequent use of their personal cell phones to contact management and the costs of maintaining their uniform in presentable condition.

129. Plaintiff is informed and believes and thereupon alleges that the reimbursement paid by Defendants was insufficient to indemnify Plaintiff for all necessary expenses incurred in the discharge of their duties.

130. Plaintiff is informed and believes and thereupon alleges that the reimbursement paid by Defendants was insufficient to indemnify **Expense Reimbursement Sub-Class** members for all necessary business expenses incurred in the discharge of their duties.

131. Pursuant to Labor Code § 452, an employer is authorized to prescribe the weight, color, quality, texture, style, form, and make of uniforms required to be worn by their employees.

132. Section 9 of the applicable Wage Order states:

When uniforms are required by the employer to be worn by the employee as a condition of employment, such uniforms shall be provided and maintained by the employer. The term 'uniform' includes wearing apparel and accessories of distinctive design or color.

133. At all relevant times during the applicable limitations period, Defendants required Plaintiff and the **Expense Reimbursement Sub-Class** members to pay for expenses and/or losses

22

1  caused by Defendants' want of ordinary care. Defendants failed to indemnify Plaintiff and **Expense**
2  **Reimbursement Sub-Class** members for all such expenditures.

3      134.    At all relevant times during the applicable limitations period, Defendants required
4  Plaintiff and **Expense Reimbursement Sub-Class** members to purchase and maintain uniforms and
5  apparel unique to Defendants at Plaintiff's and **Expense Reimbursement Sub-Class** members'
6  expense. Defendants failed to indemnify Plaintiff and **Expense Reimbursement Sub-Class**
7  members for all such expenditures.

8      135.    Plaintiff is informed and believes that, during the applicable limitations period,
9  Defendants maintained a policy or practice of not reimbursing Plaintiff and **Expense**
10 **Reimbursement Sub-Class** members for all necessary business expenses.

11     136.    Accordingly, Plaintiff and **Expense Reimbursement Sub-Class** members are
12 entitled to restitution for all unpaid amounts due and owing within four years of the date of the
13 filing of the original Complaint and until the date of entry of judgment.

14     137.    Plaintiff, on behalf of herself , and **Expense Reimbursement Sub-Class** members,
15 seeks interest thereon and costs pursuant to Labor Code § 218.6 and reasonable attorneys' fees
16 pursuant to Code of Civil Procedure § 1021.5.

17 <div align="center">**SEVENTH CAUSE OF ACTION**</div>

18 <div align="center">**FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS**</div>

19 <div align="center">**(Lab. Code § 226)**</div>

20 <div align="center">**(Plaintiff and Wage Statement Penalties Sub-Class)**</div>

21     138.    Plaintiff incorporates the preceding paragraphs as if fully alleged herein.

22     139.    Labor Code § 226(a) states:

23      An employer, semimonthly or at the time of each payment of wages, shall furnish to
his or her employee, either as a detachable part of the check, draft, or voucher paying
24 the employee's wages, or separately if wages are paid by personal check or cash, an
accurate itemized statement in writing showing (1) gross wages earned, (2) total hours
25 worked by the employee, except as provided in subdivision (j), (3) the number of
piece-rate units earned and any applicable piece rate if the employee is paid on a piece-
26 rate basis, (4) all deductions, provided that all deductions made on written orders of
the employee may be aggregated and shown as one item, (5) net wages earned, (6) the
27 inclusive dates of the period for which the employee is paid, (7) the name of the
employee and only the last four digits of his or her social security number or an
28 employee identification number other than a social security number, (8) the name and

<div align="center">23</div>

address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. For purposes of this subdivision, 'copy' includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision.

140.     The Division of Labor Standards Enforcement ("DLSE") has sought to harmonize the "detachable part of the check" provision and the "accurate itemized statement in writing" provision of Labor Code section 226(a) by allowing for electronic wage statements so long as each employee retains the right to elect to receive a written paper stub or record and that those who are provided with electronic wage statements retain the ability to easily access the information and convert the electronic statements into hard copies at no expense to the employee. (DLSE Opinion Letter July 6, 2006.)

141.     Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements as described above.

142.     Plaintiff is informed and believes that Defendants' failure to provide her and **Wage Statement Penalties Sub-Class** members with accurate written wage statements were intentional in that Defendants had the ability to provide them with accurate wage statements but had intentionally provided them with written wage statements that Defendants knew do not comply with Labor Code § 226(a).

143.     Plaintiff and **Wage Statement Penalties Sub-Class** members have suffered injuries, in that Defendants have violated Plaintiff's and **Wage Statement Penalties Sub-Class** members' legal rights to receive accurate wage statements and have misled them about their actual rates of pay and wages earned. In addition, inaccurate information on their wage statements have prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and

1  mathematical computations to determine the amount of wages owed, has caused difficulty and

2  expense in attempting to reconstruct time and pay records, and/or has led to the submission of

3  inaccurate information about wages and deductions to federal and state government agencies.

4       144.  Pursuant to Labor Code § 226(e), Plaintiff, on behalf of herself and **Wage Statement**

5  **Penalties Sub-Class** members, seeks the greater of actual damages or fifty dollars ($50.00) for the

6  initial pay period in which a violation of Labor Code section 226(a) occurred and one hundred

7  dollars ($100.00) for each subsequent pay period in which a violation of Labor Code § 226(a)

8  occurred, not to exceed an aggregate penalty of four thousand dollars ($4,000.00) per class member.

9       145.  Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or

10 the common fund doctrine, Plaintiff, on behalf of herself and **Wage Statement Penalties Sub-**

11 **Class** members, seek awards of reasonable attorneys' fees and costs.

12 <div align="center">**EIGHTH CAUSE OF ACTION**</div>

13 <div align="center">**FAILURE TO TIMELY PAY ALL FINAL WAGES**</div>

14 <div align="center">**(Lab. Code §§ 201–203)**</div>

15 <div align="center">**(Plaintiff and Waiting Time Penalties Sub-Class)**</div>

16      146.  Plaintiff incorporates the preceding paragraphs as if fully alleged herein.

17      147.  At all relevant times, Plaintiff and **Waiting Time Penalties Sub-Class** members

18 have been entitled, upon the end of their employment with Defendants, to timely payment of all

19 wages earned and unpaid before termination or resignation.

20      148.  At all relevant times, pursuant to Labor Code § 201, employees who have been

21 discharged have been entitled to payment of all final wages immediately upon termination.

22      149.  At all relevant times, pursuant to Labor Code § 202, employees who have resigned

23 after giving at least seventy-two (72) hours' notice of resignation have been entitled to payment of

24 all final wages at the time of resignation.

25      150.  At all relevant times, pursuant to Labor Code § 202, employees who have resigned

26 after giving less than seventy-two (72) hours' notice of resignation have been entitled to payment of

27 all final wages within seventy-two (72) hours' of giving notice of resignation.

28      151.  During the applicable limitations period, Defendants failed to pay Plaintiff all of her

<div align="center">25</div>
<div align="center">CLASS-ACTION COMPLAINT</div>

1 │ final wages in accordance with the Labor Code by failing to timely pay her all of her final wages.

2 │ 152.   Plaintiff is informed and believes that, at all relevant times during the applicable

3 │ limitations period, Defendants have failed to timely pay **Waiting Time Penalties Sub-Class**

4 │ members all of their final wages in accordance with the Labor Code.

5 │ 153.   Plaintiff is informed and believes that, at all relevant times during the applicable

6 │ limitations period, Defendants have maintained a policy or practice of paying **Waiting Time**

7 │ **Penalties Sub-Class** members their final wages without regard to the requirements of Labor Code

8 │ §§ 201 or 202 by failing to timely pay them all final wages.

9 │ 154.   Plaintiff is informed and believes and thereupon alleges that Defendants' failure to

10 │ timely pay all final wages to her and **Waiting Time Penalties Sub-Class** members have been

11 │ willful in that Defendants have the ability to pay final wages in accordance with Labor Code §§ 201

12 │ and/or 202 but have intentionally adopted policies or practices that are incompatible with those

13 │ requirements.

14 │ 155.   Pursuant to Labor Code §§ 203 and 218.6, Plaintiff, on behalf of herself and **Waiting**

15 │ **Time Penalties Sub-Class** members, seeks waiting time penalties from the respective dates that

16 │ their final wages had first become due until paid, up to a maximum of thirty days, and interest

17 │ thereon.

18 │ 156.   Pursuant to Labor Code § 226, Code of Civil Procedure § 1021.5, the substantial

19 │ benefit doctrine and/or the common fund doctrine, Plaintiff, on behalf of herself and **Waiting Time**

20 │ **Penalties Sub-Class** members, seek awards of reasonable attorneys' fees and costs.

21 │ **NINTH CAUSE OF ACTION**

22 │ **UNFAIR COMPETITION**

23 │ **(Bus. & Prof. Code §§-17200 *et seq*.)**

24 │ **(Plaintiff and UCL Sub-Class)**

25 │ 157.   Plaintiff incorporates the preceding paragraphs as if fully alleged herein.

26 │ 158.   Business and Professions Code § 17200 defines "unfair competition" to include any

27 │ unlawful business practice.

28 │ 159.   Business and Professions Code §§ 17203–17204 allow a person who has lost money

1  or property as a result of unfair competition to bring a class action in accordance with Code of Civil

2  Procedure § 382 to recover money or property that may have been acquired from similarly situated

3  persons by means of unfair competition.

4      160.   California law requires employers to pay hourly, non-exempt employees for all hours

5  they are permitted or suffered to work, including hours that the employer knows or reasonably

6  should know that employees have worked.

7      161.   Plaintiff, on behalf of herself and the **UCL Sub-Class** members, re-alleges and

8  incorporates the FIRST, SECOND, THIRD, FOURTH, FIFTH, SIXTH, SEVENTH, and EIGHTH

9  causes of action herein.

10      162.   Plaintiff lost money and/or property as a result of the aforementioned unfair

11  competition.

12      163.   Defendants have or may have acquired money by means of unfair competition.

13      164.   Plaintiff is informed and believes and thereupon alleges that, by committing the

14  Labor Code violations described in this Complaint, Defendants violated Labor Code §§ 215, 216,

15  225, 226.6, 354, 408, 553, 1175, 1199 and 2802. Defendants thus committed misdemeanors by

16  violating the Labor Code as alleged herein.

17      165.   Defendants have committed criminal conduct through their policies and practices of,

18  *inter alia*, failing to comport with their affirmative obligations as an employer to provide non-

19  exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes for each

20  work period of five or more hours, by subjecting their vacation pay to forfeiture, by failing to pay

21  non-exempt employees for all hours worked, and by failing to reimburse them for all expenses.

22      166.   At all relevant times, Plaintiff and **UCL Sub-Class** members have been non-exempt

23  employees and entitled to the full protections of both the Labor Code and the applicable Wage

24  Order.

25      167.   Defendants' unlawful conduct as alleged in this Complaint amounts to and

26  constitutes unfair competition within the meaning of Business and Professions Code section 17200

27  *et sequitur*. Business and Professions Code §§ 17200 *et sequitur* protect against unfair competition

28  and allow a person who has suffered an injury-in-fact and has lost money or property as a result of

1  an unfair, unlawful, or fraudulent business practice to seek restitution on behalf of herself and on
2  behalf of similarly situated persons in a class-action proceeding.

3      168.    As a result of Defendants' violations of the Labor Code during the applicable
4  limitations period, Plaintiff has suffered an injury-in-fact and has lost money or property in the form
5  of earned wages.  Specifically, Plaintiff has lost money or property as a result of Defendants'
6  conduct.

7      169.    Plaintiff is informed and believes that other similarly situated persons have been
8  subject to the same unlawful policies or practices of Defendants.

9      170.    Due to the unfair and unlawful business practices in violation of the Labor Code,
10  Defendants have gained a competitive advantage over other comparable companies doing business
11  in the State of California that comply with their legal obligations.

12      171.    California's Unfair Competition Law ("UCL") permits civil recovery and injunctive
13  relief for "any unlawful, unfair or fraudulent business act or practice," including a practice or act
14  that violates, or is considered unlawful under, any other state or federal law.

15      172.    Accordingly, pursuant to Business & Professions Code §§ 17200 and 17203,
16  Plaintiff requests the issuance of temporary, preliminary, and permanent injunctive relief enjoining
17  Defendants, and each of them, and their agents and employees, from further violations of the Labor
18  Code and applicable Industrial Welfare Commission Wage Orders, and upon a final hearing, an
19  order permanently enjoining Defendants, and each of them, and their respective agents and
20  employees, from further violations of the Labor Code and applicable Industrial Welfare
21  Commission Wage Orders.

22      173.    Pursuant to Business and Professions Code § 17203, Plaintiff, on behalf of herself
23  and **UCL Sub-Class** members, seeks declaratory relief and restitution of all monies rightfully
24  belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful
25  and unfair business practices.

26      174.    Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or
27  the common fund doctrine, Plaintiff and **UCL Sub-Class** members are entitled to recover
28  reasonable attorneys' fees in connection with their unfair competition claims.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself, all others similarly situated, and the general public, prays for relief and judgment against Defendants as follows:

        (1)    An order that the action be certified as a class action;

        (2)    An order that Plaintiff be appointed class representative;

        (3)    An order that counsel for Plaintiff be appointed class counsel;

        (4)    Unpaid wages;

        (5)    Actual damages;

        (6)    Liquidated damages;

        (7)    Restitution;

        (8)    Declaratory relief;

        (9)    Pre-judgment interest;

        (10)    Statutory penalties;

        (11)    Costs of suit;

        (12)    Reasonable attorneys' fees; and

        (13)    Such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of herself, all other similarly situated, hereby demands a jury trial on all issues so triable.

Dated:  August 5, 2021               SETAREH LAW GROUP

                                  SHAUN SETAREH
                                  WILLIAM M. PAO
                                  NOLAN DILTS
                                  Attorneys for Plaintiff
                                  JANICE GILMORE

# EXHIBIT 2

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| | E-FILED  **FOR COURT USE ONLY** *(SOLO PARA USO DE LA CORTE)* |
| | 8/5/2021 2:53 PM |
| | Clerk of Court |
| | Superior Court of CA, |
| | County of Santa Clara |
| | 21CV385234 |
| | Reviewed By: R. Walker |
| | Envelope: 7005697 |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SAFE BOX LOGISTICS, INC., a California corporation; FEDERAL EXPRESS CORPORATION, a
Delaware corporation; (Additional Parties Attachment form is attached)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JANICE GILMORE, on behalf of herself and all others similarly situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: | CASE NUMBER: *(Número del Caso):* |
| *(El nombre y dirección de la corte es):* Downtown Superior | 21CV385234 |
| 191 N. First Street San Jose, CA 95113 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shaun Setareh of Setareh Law Group 9665 Wilshire Blvd., Suite 430 Beverly Hills, CA 90212 (310)888-7771

| DATE: | 8/5/2021 | 8/5/2021 2:53 PM | Clerk of Court | Clerk, by | R. Walker | , Deputy |
|---|---|---|---|---|---|---|
| *(Fecha)* | | | | *(Secretaria)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL] *SEAL OF THE ... CALIFORNIA*

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Fedex Ground Package System Inc
   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
      ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
      ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
      ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
| Judicial Council of California | | *www.courts.ca.gov* |
| SUM-100 [Rev. July 1, 2009] | | |

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Gilmore v. Safe Box Logistics, Inc., et al. | |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff    ☒ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

FEDEX GROUND PACKAGE SYSTEM, INC., a Delaware corporation; FEDEX CORPORATION, a Delaware corporation; and DOES 1 through 50, inclusive,

Page _____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

For your protection and privacy, please press the Clear
This Form button after you have printed the form.

| Print this form | Save this form |
|---|---|

 Clear this form

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Shaun Setareh (SBN 204514)<br>Setareh Law Group<br>9665 Wilshire Blvd., Suite 430 Beverly Hills, CA 90212 | **FOR COURT USE ONLY** |

TELEPHONE NO.: 310-888-7771   FAX NO. *(Optional)*: 310-888-0109
ATTORNEY FOR *(Name)*: Plaintiff, Janice Gilmore

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA**
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS: 191 N. First Street
CITY AND ZIP CODE: San Jose, 95113
BRANCH NAME: Downtown Superior

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 8/5/2021 2:53 PM
Reviewed By: R. Walker
Case #21CV385234
Envelope: 7005697**

CASE NAME:
Gilmore v. Safe Box Logistics Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $25,000)   [ ] **Limited** (Amount demanded is $25,000) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | **21CV385234** |
| | | JUDGE: |
| | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[x] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [x] Large number of separately represented parties
b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [x] Large number of witnesses
e. [x] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [x] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary   b. [x] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):*
5. This case [x] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 8/5/2021
Shaun Setareh
_____
(TYPE OR PRINT NAME)      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1.  This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet.  In item 1, you must check **one** box for the case type that best describes the case.  If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below.  A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment.  The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading.  A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

ATTACHMENT CV-5012

# CIVIL LAWSUIT NOTICE

**21CV385234**

**Superior Court of California, County of Santa Clara**
**191 North First St., San José, CA 95113**

CASE NUMBER: _____

<div style="border:1px solid black; text-align:center;">

## PLEASE READ THIS ENTIRE FORM

</div>

***PLAINTIFF*** (the person suing):  Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint*, *Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

> ***DEFENDANT*** (The person sued):  **You must do each of the following to protect your rights:**
>
> 1. You must file a **written response** to the *Complaint, using the proper legal form or format*, in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint*;
> 2. You must serve by mail  a copy of your written response on the  Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
> 3. You must attend the first Case Management Conference.
>
> **Warning: If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

***RULES AND FORMS:***  You must follow the California Rules of Court and the Superior Court of California, County of <_CountyName_> Local Civil Rules and use proper forms.  You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José (408-882-2900 x-2926).

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm

***CASE MANAGEMENT CONFERENCE (CMC):***  You must meet with the other parties and discuss the case, in person or by telephone at least 30 calendar days before the CMC.  You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC.  You may ask to appear by telephone – see Local Civil Rule 8.*

> Your Case Management Judge is: **Hon. Patricia M. Lucas**    Department: **3**
>
> The 1st CMC is scheduled for: (Completed by Clerk of Court)
>    Date: **12/01/21**   Time: **2:30 pm**   in Department: **3**
>
> The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)
>    Date: _____ Time: _____ in Department: _____

***ALTERNATIVE DISPUTE RESOLUTION (ADR):***  If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

***WARNING:*** Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

# EXHIBIT 3

1  Brandy T. Cody (SBN 196923)
        E-Mail: bcody@fisherphillips.com
2  Sean T. Kingston (SBN 276099)
        E-Mail: skingston@fisherphillips.com
3  FISHER & PHILLIPS LLP
   2050 Main Street, Suite 1000
4  Irvine, California 92614
   Telephone: (949) 851-2424
5  Facsimile: (949) 851-0152

6  Sean F. Daley (SBN 272493)
        E-Mail: sdaley@fisherphillips.com
7  FISHER & PHILLIPS LLP
   444 South Flower Street, Suite 1500
8  Los Angeles, CA 90071
   Telephone: (213) 330-4500
9  Facsimile: (213) 330-4501

10 Attorneys for Defendant
   FEDEX GROUND PACKAGE SYSTEM, INC.

11

12                SUPERIOR COURT OF THE STATE OF CALIFORNIA

13       FOR THE COUNTY OF SANTA CLARA - DOWNTOWN SUPERIOR COURT

14
   JANICE GILMORE, on behalf of herself        CASE NO.:  21CV385234
15 and all other similarly situated,           *[Unlimited Jurisdiction]*

16                Plaintiff,                    *Assigned for all purposes to the*
                                               *Honorable Patricia M. Lucas, Dept. 3*
17       v.

18 SAFE BOX LOGISTICS, INC., a                 DEFENDANT FEDEX GROUND PACKAGE
   California corporation; FEDERAL             SYSTEM, INC.'S NOTICE TO STATE COURT
19 EXPRESS CORPORATION, a Delaware             AND ADVERSE PARTIES OF REMOVAL OF
   corporation; FEDEX GROUND                   ACTION TO U.S. DISTRICT COURT
20 PACKAGE SYSTEM, INC., a Delaware
   Corporation; FEDEX CORPORATION; a
21 Delaware corporation; and DOES 1            Complaint Filed:  August 5, 2021
   through 50, inclusive,                      Removal Date:
22                                             Trial Date:       TBD
                  Defendants.
23

24

25

26

27

28
                                        1

1    Defendant FEDEX GROUND PACAGE SYSTEM, INC. (hereinafter, "Defendant"),

2    pursuant to 28 U.S.C § 1446(d), hereby gives notice that on September 3, 2021, it filed a notice

3    of removal of this action in U.S. District Court for the Eastern District of California.

4    A copy of such notice of removal, and accompanying papers, is attached hereto as Exhibit

5    1.

6    Such filing effects the removal of this action to such district court.

7    This Court now lacks jurisdiction over this action, and need take no further action unless

8    this action is remanded by the U.S. District Court.

9

10   Dated:  September 3, 2021                    Respectfully submitted,

11                                               FISHER & PHILLIPS LLP

12

13                                       By:   _/s/ Brandy T. Cody_
                                               Brandy T. Cody
14                                             Sean T. Kingston
                                               Sean F. Daley
15                                             Attorneys for Defendant
                                               FEDEX GROUND PACKAGE SYSTEM, INC
16

17

18

19

20

21

22

23

24

25

26

27

28

1

DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S NOTICE TO STATE COURT AND
ADVERSE PARTIES OF REMOVAL OF ACTION TO U.S. DISTRICT COURT

FP 41411614.1

# EXHIBIT 1

# PROOF OF SERVICE
(CCP §§1013(a) and 2015.5)

I, the undersigned, am at least 18 years old and not a party to this action. I am employed in the County of Orange with the law offices of Fisher & Phillips LLP and its business address is 2050 Main Street, Suite 1000, Irvine, California 92614.

On September 3, 2021, I served the following document(s) **DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.'S NOTICE TO STATE COURT AND ADVERSE PARTIES OF REMOVAL OF ACTION TO U.S. DISTRICT COURT** on the person(s) listed below by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

Shaun Setareh                           Attorneys for Plaintiff JANICE GILMORE
William M. Pao
Nolan Dilts
SETAREH LAW GROUP                        Telephone (310) 888-7771
9665 Wilshire Boulevard, Suite 430       Facsimile (310) 888-0109
Beverly Hills, California 90212
                                         Email: shaun@setarehlaw.com
                                         Email: william@setarehlaw.com
                                         Email: nolan@setarehlaw.com

☒  **[by MAIL]** - I enclosed the document(s) in a sealed envelope or package addressed to the person(s) whose address(es) are listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in Irvine California, in a sealed envelope with postage fully prepaid.

☐  **[by OVERNIGHT DELIVERY]** - I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the address(es) listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight carrier.

☐  **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I electronically served the document(s) to the person(s) at the electronic service address(es) listed above.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed September 3, 2021, at Irvine, California.

Elizabeth R. Toller                      By: _____
_____
Print Name                                        Signature