Christopher M. Ahearn (Cal. Bar. No. 239089)
Email:  christopher.ahearn@fedex.com
**FEDERAL EXPRESS CORPORATION**
3620 Hacks Cross Rd, Bldg B, 3rd Fl
Memphis TN  38125
Ph: (901) 434-8523
Fax: (901) 492-9930

Attorney for Defendants FEDEX CORPORATION and
FEDERAL EXPRESS CORPORATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| JANICE GILMORE, on behalf of herself and all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>SAFE BOX LOGISTICS INC., a California corporation; FEDERAL EXPRESS CORPORATION, a Delaware corporation; FEDEX GROUND PACKAGE SYSTEM, INC., a Delaware Corporation; FEDEX CORPORATION, a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>*Defendants*. | CASE NO.  5:21-cv-06917-LHK<br><br>**DEFENDANT FEDEX CORPORATION'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>Hearing Date/Time: Jan. 13, 2022; 1:30 p.m.<br>Hearing Location: Ctrm. 8 - Hon. Lucy H. Koh, 280 South 1st Street, San Jose, CA 94113<br><br>Action Filed:    August 5, 2021<br>Removal Date:  September 7, 2021<br>Trial Date:       None Set |

Defendant FedEx Corporation ("FedEx Corp.") hereby moves to dismiss Plaintiff's claims pursuant to Rule 12(b)(2) (lack of personal jurisdiction). Such motion will be heard on January 13, 2022 at 1:30 p.m. before the Hon. U.S. Dist. Judge Lucy H. Koh, Courtroom 8, 4th Floor, 280 South 1st Street, San Jose, CA 95113.

FedEx Corp. seeks dismissal of all of Plaintiff's claims against it in this action pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, on the ground that the U.S. District Court for the Northern District of California lacks personal jurisdiction over FedEx Corp., for the reasons stated herein.

## I. INTRODUCTION

FedEx Corporation is the parent of FedEx Ground Package System, Inc. ("FedEx Ground") (a motor carrier that handles package delivery via a nationwide ground transportation network) and Federal Express Corporation (a cargo airline handling express deliveries). It is a Delaware corporation with its headquarters in Tennessee. Its contacts with California are very minimal – it has had only a handful of employees in California during the relevant time period, consisting of two (2) attorneys residing there temporarily before relocating to Tennessee, and a small government affairs office in Sacramento.

Plaintiff claims that she was a package delivery driver for a FedEx Ground contracted service provider in California, and that in that role she was subjected to various California Labor Code violations, and that she was jointly employed by all of the defendants. However, FedEx Corporation exercises no operational control over Federal Express Corporation, or FedEx Ground, or their employees or FedEx Ground's service providers, including with regard to employee relations and payroll matters that are the subject of this case.

Accordingly, this Court lacks jurisdiction over FedEx Corporation in this case for the reasons set forth below, including because there are insufficient (in fact, *no*) "minimum contacts" with California that relate in any way to Plaintiff's claims.

## II. FACTS

Plaintiff does not allege any facts specific to FedEx Corporation. She also alleges, in a boilerplate manner, that all defendants were agents and co-conspirators. ECF 001-1, Exh. 1 at ¶

10. She alleges that FedEx Corporation (along with Federal Express Corporation and FedEx Ground Package System, Inc., which she semantically labels "FedEx") contracts with "5,000 different companies which handle FedEx Ground deliveries across the United States and also in California." *Id.* at ¶ 20. Throughout her complaint, she goes on to attribute all of the alleged Labor Code violations collectively to "FedEx."

As is shown in the accompanying declaration of Karen Galambos, Plaintiff is simply mistaken about the role of FedEx Corporation as the parent of FedEx Ground.

FedEx Corporation is incorporated in the State of Delaware, and has its corporate headquarters, from which FedEx Corporation's officers direct, control, and coordinate its activities and business operations, in Memphis, Tennessee. Declaration of Jennifer Galambos, filed and served herewith, ("Galambos Dec.") ¶ 4.[1]

FedEx Corporation is the parent corporation of FedEx Ground Package System, Inc. ("FedEx Ground") and of Federal Express Corporation. FedEx Corporation is the sole parent corporation of Federal Express Corporation and FedEx Ground Package System, Inc., which are each separate, wholly owned subsidiaries of FedEx Corporation. Galambos Dec., ¶ 5. Federal Express Corporation is an airline which operates a global air cargo network. *Id.* FedEx Ground Package System, Inc. is a motor carrier that provides package delivery services throughout the United States of America via a ground transportation network. *Id.*

FedEx Corporation does not have, and has not at any time since August 5, 2017 to the present, had any employees domiciled in, or any offices or operations, in California, with the sole exception of a small number of attorneys (working remotely on a temporary basis) and a small government affairs office in Sacramento. Galambos Dec., ¶ 6.

FedEx Ground and Federal Express Corporation have their own operations personnel, including human resources and payroll, which run the day to day operations of their companies. Galambos Dec., ¶ 7. FedEx Corporation's Human Resources professionals and managers are not

---

[1] The facts set forth herein are true both as to the present and as to the time period from August 5, 2017 to the present. Galambos Dec., ¶ 2. Plaintiff's Complaint was filed on August 5, 2021 (ECF No. 001-1, Exh. 1), and her longest limitation period, applicable to her claim pursuant to Cal. Bus. & Prof. Code §§ 17200, is four (4) years. *See* Cal. Bus. & Prof. Code § 17208.

involved in the day-to-day employment issues at FedEx Ground or Federal Express Corporation, or with respect to employees of any of FedEx Ground's package delivery service providers in California or in any other state. *Id.*

Plaintiff alleges that she was employed jointly by Safe Box Logistics, Inc., which she alleges was a contractor providing services to FedEx Ground. ECF 001-1 at Exh. 1, ¶ 20. Even if it assumed that Safe Box Logistics, Inc. is such a contractor, FedEx Corporation is not a party to, and is not involved in, FedEx Ground's contracts with its package delivery service providers in California or in any other state. Galambos Dec., ¶ 8. FedEx Corp. has no relationship, contractual or otherwise, with such service providers. *Id.*

FedEx Corporation does not now, and has not at any time since August 5, 2017, had any involvement in supervision or direction of work activities, scheduling (including with regard to breaks), payroll, or day-to-day working conditions of FedEx Ground's or Federal Express Corporation's employees, or employees of any of FedEx Ground's service providers in California or in any other state. Galambos Dec., ¶¶ 2, 9.

At no relevant time has FedEx Corporation hired, employed, paid wages or expense reimbursements to or terminated (or participated in any decisions relating to wages, expense reimbursements, hiring, or termination of) any employees of FedEx Ground Package System, Inc. or Federal Express Corporation, or employees of any of FedEx Ground's package delivery service providers in California or in any other state. Galambos Dec., ¶¶ 2, 10.

FedEx Corporation has no record of having ever employed Plaintiff Janice Gilmore. Galambos Dec., ¶ 11.

### III.   LEGAL ARGUMENT

"Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F3d 797, 800 (9th Cir. 2004). Where the record on the motion consists only of the Plaintiff's pleading, and affidavit evidence in support of the motion, the Court should inquire into whether such pleading, taken together with affidavits, sets forth a *prima facie* showing of personal jurisdiction. *Id.* Allegations in the complaint must be taken as true, however

Plaintiff cannot rest on bare, conclusory allegations alone. *Id.*

### A.     Jurisdiction Must Comply with Due Process.

Where, as here, Plaintiff does not sue on a federal statute (she sues only on state law claims) governing personal jurisdiction, the district Court applies the law (long-arm statute) of the forum state. *Schwarzenegger*, 374 F.3d at 800. However, the Court's exercise of jurisdiction must comply with due process, which means that the defendant must have "minimum contacts" with the forum state, and the exercise of jurisdiction must not "offend traditional notions of fair play and substantial justice." *Id.*

California has a "long arm" statute permitting local courts to exercise jurisdiction, so long as such jurisdiction is consistent with the constitutions of California and of the United States of America. *See* Cal. Code Civ. Proc. § 410.10. Accordingly, this Court does not have jurisdiction if exercise of such jurisdiction would violate the Due Process Clause. *Schwarzenegger*, 374 F.3d at 800-801.

### B.     The Court Lacks General Jurisdiction

A court may exercise general jurisdiction over a defendant where it engages in "continuous and systematic general business contacts" with the forum state. *Schwarzenegger*, 374 F.3d at 801. "This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Id.* Typically, corporations are subject to general jurisdiction in their "place of incorporation and principal place of business." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).

Here, FedEx Corporation is not domiciled in California, but rather is a domiciled in Tennessee and in Delaware. Galambos Dec., ¶ 4. *See Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) (interpreting "principal place of business" to mean "the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities"). Accordingly, only "specific jurisdiction" remains as a basis for personal jurisdiction here, which sufficient "minimum contacts" with California. *Schwarzenegger*, 374 F.3d at 801-802.

### C. The Court Lacks Specific Jurisdiction Because FedEx Corp. Does Not Have Sufficient "Minimum Contacts"

There is no need for a defendant to have avoided *literally any contacts whatsoever* with the forum state to avoid "minimum contacts" for purposes of personal jurisdiction. The conduct must be substantial and must be expressly directed at the forum state. *J. McIntyre Machinery, Ltd. v. Nicastro*, 564 US 873, 885 (2011); *Douglas Furniture Co. of Calif., Inc. v. Wood Dimensions, Inc.*, 963 F.Supp. 899, 902 (C.D. Cal. 1997).Moreover, the contacts must be those *created by* the defendant's own intentional and purposeful activities. *Walden v. Fiore,* 571 U.S. 277, 284 (2014).

The purpose of the minimum contacts requirement is to (1) protect the defendant against the burdens of litigating in a distant or inconvenient forum, and (2) ensure that states do not reach out beyond the limits of their sovereignty imposed by their status in a federal system. *World-Wide Volkswagen Corp. v. Woodson*, 444 US 286, 291, (1980).

The Ninth Circuit has articulated a three-pronged test for specific personal jurisdiction, to wit:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; <u>and</u>
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802. Here, Plaintiff cannot satisfy this test, as follows.

(1) <u>FedEx Corporation Has Not Purposefully Directed its Activities at California.</u>

Purposeful direction is evaluated under a three-part "effects" test, namely the defendant must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing

harm that the defendant knows is likely to be suffered in the forum state. *Schwarzenegger*, 74 F3d at 803-807. All three parts of the test must be satisfied. *Id.* Here, Plaintiff simply cannot satisfy this test. Plaintiff expressly alleges that she was a joint employee of "FedEx" and Safe Box Logistics, a FedEx Ground vendor. ECF 001-1, Exh. 1 at ¶ 20. The harm that she alleges in the complaint all arises from such relationship. However, FedEx Corporation had nothing to do with Safe Box Logistics or Plaintiff, and nor did its very limited relations with the State of California cause the Plaintiff any alleged harm. Galambos Dec, ¶¶6-10.

FedEx Corporation has no employees or operations in California, except for a small handful of government affairs personnel and attorneys working remotely on a temporary basis. Galambos Dec, ¶¶ 7-10. And, although FedEx Corporation has subsidiaries with operations in California, namely FedEx Ground and Federal Express Corporation, it does not exercise control over such subsidiaries' operations, including with regard to personnel, payroll, or contracting relationships. *Id.*

(2) <u>Plaintiff's Claim Does Not Arise Out of, or Relate to, FedEx Corporation's Contacts with California.</u>

Plaintiff cannot comply with this prong, for the simple reason that her allegations relate to payroll and employment issues related to her employment (albeit alleged joint employment) Plaintiff alleges that she was a driver for a FedEx Ground package delivery contractor, and she attempts to assert class claims on behalf of similarly situated persons. ECF 001-1, Exhibit 1 at 20. FedEx Corporation did not direct its activities in any way in California in relation to such matters. Galambos Dec., ¶¶ 6-10. Here, FedEx Corporation's contacts with California during the relevant period are limited to two attorneys temporarily residing in California, and a small government affairs office having nothing to do with transportation operations or personnel, or the operations of Federal Express Corporation or FedEx Ground. Galambos Dec., ¶ 5. Accordingly, Plaintiff's claims do not arise out of FedEx Corporation's contacts with California, and this Court lacks jurisdiction over Plaintiff's claims.

(3) <u>The Exercise of Jurisdiction Here Would be Unreasonable</u>.

The U.S. Supreme Court has established a five-factor balancing test to determine whether

the exercise of jurisdiction is reasonable. *Asahi Metal Indus. Co. v. Superior Court of California*, 480 U.S. 102, 113 (1987). The five-factors are: (1) the burden that the exercise of jurisdiction will impose on defendant, (2) interest of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies. *Id.* (quoting *World-Wide Volkswagen*, 444 U.S. at 292).

None of these factors support exercising personal jurisdiction over FedEx Corporation. It would be unreasonably burdensome to require FedEx Corporation, a Delaware corporation with its principal place of business in Tennessee, to come to California to defend itself when FedEx Corporation did not employ Plaintiff, and has had only a small handful of employees in California whose roles have nothing whatsoever to do with Plaintiff's claims. Galambos Dec, ¶¶ 6-10; ECF 001-1, Exh. 1 at ¶ 20. Additionally, Plaintiff admits in her complaint that she was an employee of Safe Box Logistics – there is no reason she cannot pursue her claims against them.

### D. Contacts of FedEx Ground and Federal Express Corporation May Not Be Imputed to FedEx Corporation.

The fact that Federal Express Corporation and FedEx Ground may conduct business and package delivery/courier services in California is not relevant to personal jurisdiction over FedEx Corporation. *See Holland America Line Inc. v. Wärtsilä North America, Inc.*, 485 F3d 450, 459(9th Cir. 2007) ("where a parent and a subsidiary are separate and distinct corporate entities, the presence of one … in a forum state may not be attributed to the other").

Additionally, the Court need not credit Plaintiff's boilerplate, conclusory allegations of an agency relationship between FedEx Corporation on the one hand, and FedEx Ground/Federal Express Corporation, on the other. *See* ECF 001-1, Exhibit 1 at ¶¶ 10, 20; *See Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001) ("the prima-facie-case requirement does not require the court to credit conclusory allegations, even if uncontroverted").

///

///

///

### IV. CONCLUSION

For the forgoing reasons, Plaintiff's complaint should be dismissed because this Court lacks personal jurisdiction over FedEx Corporation.

DATED: September 14, 2021

By: /s/ Christopher M. Ahearn
CHRISTOPHER M. AHEARN
Attorney for Defendants FEDEX
CORPORATION and FEDERAL EXPRESS
CORPORATION