UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANICE GILMORE,<br><br>Plaintiff,<br><br>v.<br><br>SAFE BOX LOGISTICS, INC., et al.,<br><br>Defendants. | Case No. 21-cv-06917-TLT<br><br>**ORDER DENYING MOTION FOR RELIEF FROM NON-DISPOSITIVE ORDER**<br><br>Re: ECF No. 92 |

On January 17, 2023, Plaintiff Janice Gilmore ("Plaintiff") filed a discovery dispute letter brief seeking to compel certain interrogatory responses and document production. *See* Pls. ['s] Letter Br., ECF No. 89. The Court referred the discovery dispute to a randomly assigned magistrate judge under Norther District of California Civil Local Rule 72-1. ECF No. 90.

Magistrate Judge Robert M. Illman was assigned for discovery purposes and denied (1) Plaintiff's request to compel Defendant FedEx ("Defendant") to produce information and documents that it does not possess or otherwise control, (2) Plaintiff's request to compel scanner data, and (3) Plaintiff's request to compel Defendant to produce its entire repository of agreements between Defendant and every independent service provider relating to all putative class members in California during the relevant time period. *See* Order Den. Letter Br. ("Order"), ECF No. 92.

Before the Court is Plaintiff's motion for relief from the non-dispositive discovery order. Pl. ['s] Mot. for Relief ("Mot."), ECF No. 93. Having carefully considered the parties' briefs, the relevant legal authority, and for the reasons below, the Court hereby **DENIES** Plaintiff's motion.

## I. BACKGROUND

The Court previously detailed the parties' arguments throughout its order denying Plaintiff's discovery dispute letter brief. *See* Order 1-6. Thus, the Court need not repeat the arguments here and shall address additional facts as necessary in the remainder of this order.

## II. LEGAL STANDARD

When reviewing a magistrate judge's non-dispositive pretrial order, the court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(C). "The magistrate's factual determinations are reviewed for clear error, and the magistrate's legal conclusions are reviewed to determine whether they are contrary to law." *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010). A ruling is clearly erroneous if the reviewing court, after considering the evidence, is left with the "definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). "A decision may be contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *United States v. Cathcart*, No. C 07–4762 PJH, 2009 WL 1764642, at *2 (N.D. Cal. June 18, 2009).

## III. DISCUSSION

Plaintiff objects to the Order and requests that this Court direct Defendant to provide:

> (1) Contact information for putative class members; (2) Payroll and timekeeping records for putative class members; (3) Scanner data showing hours worked by putative class members, as well as the report previously prepared and relied upon in removing this action to this Court; and (4) Documents related to any internal financial analysis prepared by [Defendant] related to any decision to contract with Service Providers rather than directly employing drivers.

Mot. 1. Plaintiff first argues that she is entitled to such relief because "she was not afforded an adequate opportunity to fully brief the Court on the issues and arguments or to fully respond to each argument raised by [Defendant] in a 2.5-page letter and without oral argument." *Id.* In response, Defendant argues that "Plaintiff's complaints about the Court's discovery dispute process do not entitle her to a different outcome." Def. ['s] Opp'n to Mot. 1 ("Opp'n"), ECF No. 98. Specifically, Defendant contends it "was required to comply with the same page limit and articulate its position on multiple discovery disputes in 2.5 pages and without argument as well." *Id.* Thus, according to Defendant, the parties "had equal opportunities to be heard by presenting their positions and responding to the opposing party's arguments in writing." *Id.*

The Court notes that its Civil Standing Order instructs parties that "cannot resolve their

discovery dispute after a good faith effort, [to] prepare and file a joint letter of no longer than five pages stating the nature and status of their dispute…." *See* Judge Thompson's Civil Standing Order at ¶ 21. Similarly, Judge Illman's General Standing Order states that

> In lieu of filing formal discovery motions, lead trial counsel for the parties shall meet and confer in a good faith effort to resolve the matter. Within five (5) business days of the meet and confer session, the parties shall file a detailed joint letter. It shall not exceed five (5) pages, excluding the cover page, without prior leave of court. This joint letter shall include a description of every issue in dispute, and a detailed summary of each party's final position on each issue. The joint letter may not be accompanied by exhibits or affidavits other than exact copies of interrogatories, requests for production of documents and/or responses, privilege logs, and relevant deposition testimony. On receipt of the joint letter, the court will determine what further proceedings are necessary.

Judge Illman's General Standing Order at ¶ 4(a). Although Plaintiff filed her discovery dispute letter brief before discovery was referred to Judge Illman, Judge Thompson's and Judge Illman's instructions regarding discovery disputes are similar. Under Judge Thompson's instructions, the parties were directed to "prepare and file a joint letter of no longer than five pages stating the nature and status of their dispute," which is similar to Judge Illman's instruction that the parties file a joint letter "includ[ing] a description of every issue in dispute, and a detailed summary of each party's final position on each issue." Compare Judge Thompson's Civil Standing Order at ¶ 21 and Judge Illman's General Standing Order at ¶ 4(a). "On receipt of the [parties'] joint letter, [Judge Illman] …determine[d] what further proceedings are necessary." *Id.*

Here, once Judge Illman received the parties' joint letter brief, in his discretion, he found the "matter suitable for disposition without oral argument" under Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b). Order 1. A district court has wide discretion in controlling discovery, *see Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988), and a "reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). Instead, the magistrate judge's findings are "entitled to great deference." *United States v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir. 2001). As such, this Court will not substitute its judgment for that of the deciding court and defers to Judge Illman's discretion regarding whether further briefing or oral argument was necessary.

3

### A. Member Contact Information, Payroll, and Timekeeping

Plaintiff next argues that Judge Illman improperly denied her "request for contact information of putative class members on the grounds that [Defendant] stated in its portion of the joint letter that it does not have the information and that it is providing contact information for service providers who would have that information." Mot. 2. Plaintiff contends that while Judge Illman "believed that Plaintiff did not dispute [Defendant]'s representation [that it did not have possession, custody, or control of the requested information], Plaintiff does dispute such a contention and pointed out that the Northern District has ordered [Defendant] to produce this information in **two** prior cases, clearly indicating that it has such information in its possession, custody, or control." *Id.* at 3 (emphasis in original).

In the Order, Judge Illman found that Defendant could not "produce information and documents that it does not possess or otherwise control" and Plaintiff had failed to address Defendant's "assertion that it does not possess the information Plaintiff seeks, nor does it address the assertion that [Defendant] is providing Plaintiff with contact information for all service providers that employed the putative class members so that Plaintiff can seek that information from the entities that possess it." Order 2. These are factual determinations. As discussed above, a "magistrate's factual determinations are reviewed for clear error." *Perry*, 268 F.R.D. at 348. "Clear error occurs when the 'reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed.'" *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *U.S. Gypsum Co.*, 333 U.S. at 395). Here, Judge Illman properly evaluated the arguments and evidence before him and made factual determinations based on this information. Federal Rule of Civil Procedure 72(a) "imposes a heavy burden on the objecting party and only permits reversal where the magistrate judge abused his discretion." *Mitchell v. Century 21 Rustic Realty*, 233 F. Supp. 2d 418, 430 (E.D.N.Y. 2002). The Court finds Plaintiff here has not met her burden of showing that Judge Illman made a clear error.[1]

---

[1] Plaintiff further contends that Defendant "did not provide a verified response or declaration stating that it did not have responsive information, or object that the information was more readily available to another party, such an objection has been waived and its unsupported assertion should not be taken at face value." Mot. 3. Because Plaintiff did not raise these arguments in her letter

### B. Scanner Data and Internal Financial Analysis Documents

Finally, Plaintiff argues her request for "scanner data" records maintained by Defendant was improperly denied "based on [Defendant]'s statement that the data has minimal to no probative value and would be unduly burdensome and disproportionate to the needs of the case." Mot. 4. In addition, Plaintiff claims her request "for documents related to internal financial analysis prepared by [Defendant] related to its decision to contract with independent service providers rather than directly employing drivers" was improperly denied. *Id.* at 5. Specifically, she "narrowly tailored her request to seek…information…she believes would contain findings and analysis by [Defendant] as to the level of control it would assert over drivers and/or service providers in deciding whether to contract with service providers or hire employees directly." *Id.*

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Whether discovery is "proportional to the needs of the case," depends on, among other things, "the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* A court has discretion to determine whether to grant a motion to compel production. *See Garrett v. City & Cnty. of S.F.*, 818 F.2d 1515, 1518 (9th Cir. 1987).

Here, in denying Plaintiff's request for scanner data, Judge Illman held that although Defendant "does posses such [scanner] data," Plaintiff did not "explain or discuss what probative value may attend this scanner data, nor does she address [Defendant]'s assertions about the burdensome nature of this request or its disproportionality to the needs of the case." Order 2-3.

Similarly, in denying Plaintiff's request for internal financial analysis record, Judge Illman held that Plaintiff had not "explain[ed] why the Safe Box documents, and the exemplars offered by [Defendant] are insufficient for Plaintiff's purposes at this stage of the case." Order 4. Judge

---

brief, these arguments were not before Judge Illman to consider. Accordingly, the Court need not address them here. *See Shenzhenshi Haitiecheng Sci. & Tech. Co. v. Rearden LLC*, No. 15-cv-00797-JST, 2016 WL 5930289, at *13 (N.D. Cal. Oct. 11, 2016) ("Although this Court has discretion to consider new legal arguments that were not presented to the magistrate judge, 'the ordinary attitude should be to refuse to entertain objections based on legal arguments that were not presented to the magistrate judge.'") (quoting 12 Fed. Prac. & Proc. Civ. § 3070.2 (2d ed.))

Illman held that compelling Defendant to produce its entire repository of agreements between Defendant and each service provider relating to all class members in California during the class period would be "overly burdensome and disproportionate to the needs of the case as it would require [Defendant] to gather and produce thousands of separate contracts." *Id.*

A "magistrate's legal conclusions are reviewed to determine whether they are contrary to law." *Perry*, 268 F.R.D at 348. Plaintiff has not persuasively argued that Judge Illman used the wrong legal standard or failed to consider or analyze the appropriate law in reaching his conclusions. As such, the Court finds that Plaintiff has failed to meet her burden of showing Judge Illman's legal conclusions are contrary to law. In addition, a court is vested with broad discretion in managing discovery and in determining whether discovery is burdensome or oppressive, *Hunt v. Cnty. Of Orange*, 672 F.3d 606, 616 (9th Cir. 2012), and this Court will not substitute its judgment for that of the deciding court and will defer to Judge Illman's finding regarding whether the burden of producing these documents outweighs its likely benefit.

## IV.   CONCLUSION

The Court has carefully reviewed Judge Illman's discovery order and finds that it is not "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(C). Accordingly, the Court hereby **DENIES** Plaintiff's motion for relief.

This Order terminates docket number 92.

**IT IS SO ORDERED.**

Dated: March 22, 2023

TRINA L. THOMPSON
United States District Judge