1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7   JANICE GILMORE,                        Case No.  21-cv-06917-AMO

8                Plaintiff,

9        v.                               **ORDER DENYING MOTION FOR**
                                          **APPROVAL OF PAGA SETTLEMENT**
10  SAFE BOX LOGISTICS, INC., et al.,      **WITHOUT PREJUDICE**

                                          Re: Dkt. No. 145
11               Defendants.

12

13         This is a proposed wage and hour class and PAGA representative action in which Plaintiff

14  Janice Gilmore seeks approval of a settlement covering only PAGA penalty claims.  ECF 145 at 3.

15  The proposed non-reversionary settlement provides for a Maximum Settlement Amount[1] of

16  $33,600.  ECF 145-1 at 25.  After deducting up to $14,533.33 for plaintiff's counsel's fees and

17  $3,720.02 in expenses and a maximum of $5,000 in settlement administrator fees and expenses, a

18  Net Settlement Amount of at least $10,346.65 will remain.  *Id.*  By statute, 75% of that amount –

19  $7,759.99 – will be distributed to the California Labor and Workforce Development Agency

20  ("LWDA").  *Id.*; *see also* Cal. Labor Code § 2699(i).  The remaining 25% – $2,586.66 – will be

21  allocated among the PAGA Settlement Group Members, i.e., the 255[2] "current and former

22  aggrieved employees of Safe Box during the Covered Period[3] who worked one or more pay

23  _____

24  [1] To avoid confusion, the Court will use the capitalized terms consistent with the Settlement
    Agreement between Gilmore and Defendant Safe Box Logistics, Inc., which is attached as Exhibit
25  A to the Declaration of Shaun Setareh.  *See* ECF 145-1 at 21-38.

26  [2] This differs from the number provided in the Setareh Declaration, which refers to "191
    'Aggrieved Employees[.]'"  ECF 145-1 at 5.
27

28  [3] The Settlement Agreement defines the Covered Period as August 3, 2020 to December 1, 2023.
    ECF 145-1 at 22.  The operative complaint, however, defines the relevant time period "as the time

*United States District Court*
*Northern District of California*

1    periods, but excluding employees who individually settled their claims with a full general release."

2    ECF 145-1 at 23.  Specific distributions will be determined "based on the number of actual

3    workweeks[4] worked by each member during the Covered Period[,]" with the Settlement

4    Administrator having "full authority to resolve all disputes concerning the calculation of a PAGA

5    Settlement Group Member's Settlement Share[.]"  *Id.* at 25, 26.[5]

6            Gilmore asserts that Total Settlement Amount of $33,600 is "more than fair and adequate"

7    and within the range of "possible approval."  ECF 145 at 27, 28.  Without the benefit of any

8    comparator cases from the parties, which are required by this District's Guidelines for Approval of

9    Class Action Settlements that Gilmore partially addresses in her motion, this Court cannot

10   evaluate Gilmore's assertion.  For this reason, the instant motion, though unopposed, is denied.

11           Denial is also appropriate to provide the parties an opportunity to correct errors in the

12   current submissions.  For example, the Settlement Agreement references two exhibits – a proposed

13   "Order Granting Approval of Settlement and Entering Final Judgment," attached as "Exhibit A to

14   th[e] Agreement," and a "PAGA Notice," attached as "Exhibit B to th[e] Agreement" – but neither

15   is attached to the Agreement.  *See* ECF 145-1 at 22, 23, 27.

16           Similarly, the Settlement Agreement provides that the "Settlement Administrator's duties

17   will include preparing, printing, and mailing the Notice Packet to the PAGA Settlement Group

18   Members . . . ."  *Id.* at 26.  The remainder of the Agreement, however, provides no specifics about

19   the "Notice Packet," which is a capitalized term left undefined in the Settlement.  *See generally*

20   _____

21   period beginning four years prior to the filing of this action until judgment is entered."  ECF 97
     ¶ 10.  The parties shall address the reason for this difference in any renewed motion.

22
23   [4] The Settlement Agreement provides that "[a]s of September 22, 2023, the total number of PAGA
     Settlement Group Members was estimated to be 255 with approximately 4,854 collective
24   workweeks for the time period beginning August 3, 2020 and ending December 1, 2023."  ECF
     145-1 at 26.

25
26   [5] Gilmore's counsel seeks attorney's fees of $8,400 instead of the $14,533.33 amount allowed
     under the settlement "in order to increase the NSA and maximize recovery for PAGA members."
27   ECF 145 at 4 n.2.  In the motion, Gilmore also seeks $3,950 in settlement administration costs
     instead of the maximum $5,000 set forth in the settlement.  *Id.* at 11.  These reduction in fees
28   leaves $4,382.49 available for distribution to PAGA Settlement Group Members.  *See id.*

United States District Court
Northern District of California

ECF 145-1 at 21-28.  The absence of the proposed Notice and Notice Packet is of particular

concern to the Court for multiple reasons.  First, the Settlement Agreement "is limited to PAGA

only due to Plaintiff not moving for class certification by June 22, 2023, effectively wiping out all

of her potential class-wide claims[.]"  *See* ECF 145 at 20.  Second, the parties agree that "there is

no statutory right for any PAGA Settlement Group Member to object, opt out or otherwise exclude

himself or herself from the Settlement," that "there is no right or opportunity for any PAGA

Settlement Group Member to appeal the approval of the Settlement by the Court," and that the

"Agreement shall not be subject to collateral attack by any PAGA Settlement Group Member . . .

includ[ing], but not be limited to, claims that the PAGA Settlement Group Member failed, for any

reason, to timely receive his or her Individual Settlement Payment."[6]  *See* ECF 145-1 at 28.  Third,

neither party has filed any proof of service indicating that the appropriate government agencies

have been served with a copy of the submissions currently before the Court, though the parties

acknowledge that such notice is required.  *See* ECF 145 at 26 (stating that "Defendant will provide

notice to the appropriate governmental officials concurrently with the Parties filing the Motion

[*sic*] Approval of PAGA Settlement").

In addition, the Settlement Agreement provides that "[n]either Safe Box nor FedEx Ground

shall be responsible for any amounts in excess of the Total Settlement Amount, except for

payment by Safe Box of employer-side payroll taxes on the portion of the settlement payments

attributed to wages[.]"  *See id.* at 25.  There is, however, no settlement of wage claims.  *See id.* at

31 ("As of the date the Settlement becomes Final, Plaintiff, acting on behalf of the State of

California, and all PAGA Settlement Group Members, releases the Released Parties from any and

all claims and causes of action **for penalties recoverable under PAGA** . . . .") (emphasis added).

In addition, FedEx Ground is not a signatory to the Agreement.  *See* ECF 145-1 at 36-38.

If Gilmore can remedy the deficiencies outlined above, she may file a renewed motion

within 30 days this order.  In addition to addressing the issues set forth above, and why the

---

[6] Any renewed motion must provide authority permitting court approval of settlement agreements
containing such provisions, as well as the provision granting the Settlement Administrator full
authority to resolve claim disputes.

United States District Court
Northern District of California

settlement should be approved under the governing legal standard, any renewed motion must:

- Be clearly identified as a motion for preliminary approval or final approval, and if the latter, explain why preliminary approval is not required.

- Provide the information required by the Procedural Guidance for Class Action Settlements, absent authority excusing the parties from providing information required by a particular section or an adequate explanation from the parties as to why any particular provision of the guidance does not apply.

- Set forth the basis for why the 50% proposed discount on the value of the PAGA claims is appropriate, which can be adequately addressed by supplying appropriate comparator cases adopting such a discount.

Any motion for attorney's fees and costs must be separately filed and conform to Civil Local Rule 54-5(b)(2)-(3).

Should Gilmore elect not to file a renewed approval motion within 30 days, the parties must file a joint status report within 45 days, with a proposal for how this litigation should proceed.

**IT IS SO ORDERED.**

Dated: May 14, 2024

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

United States District Court
Northern District of California

4