UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANICE GILMORE,<br><br>    Plaintiff,<br><br>v.<br><br>SAFE BOX LOGISTICS, INC., et al.,<br><br>    Defendants. | Case No. 21-cv-06917-AMO<br><br>**ORDER DENYING SECOND AMENDED MOTION FOR APPROVAL OF PAGA SETTLEMENT AND MOTION FOR AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF COSTS, SUBJECT TO RESUBMISSION**<br><br>Re: Dkt. Nos. 157, 158 |

This is a proposed wage and hour class and representative action in which Plaintiff Janice Gilmore again seeks approval of a settlement covering only claims under the California Private Attorneys General Act ("PAGA"). Second Amended Motion for Approval of PAGA Settlement ("Mot.") (ECF 158) at 7. Further, Gilmore seeks an award of attorneys' fees and reimbursement of costs. ECF 157. The motion for settlement approval is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for May 15, 2025, is VACATED. *See* Civil L.R. 7-1(b), Fed. R. Civ. Pro. 78(b). The Court assumes familiarity with the facts and procedure of the case. Having read Gilmore's papers and carefully considered the arguments and the relevant legal authority, the Court hereby **DENIES** the motions as they are insufficient for the following reasons.

**I.   DISCUSSION**

The Court previously denied without prejudice Gilmore's motion for approval of the PAGA settlement based on various deficiencies, including the absence of comparator cases, missing attachments, needed proof of service to the California Labor and Workforce Development Agency ("LWDA"), superfluous provisions in the settlement agreement, lack of authority for

1    certain settlement provisions, and lack of clear compliance with the District's Procedural
2    Guidance for Class Action Settlements. *See generally* Order (ECF 149). The Court acknowledges
3    that Gilmore's renewed motion has attempted to correct or explain most of the deficiencies
4    identified in the Court's prior order. *See generally* Mot. (addressing most of the previously-
5    identified deficiencies); Amended Supplemental Declaration of Shaun Setareh (ECF 158-1) at 22-
6    44 (attaching a proposed order, notice of settlement, and receipts of filings with LWDA).

    Notwithstanding Gilmore's efforts to address the Court's concerns, upon careful review of Gilmore's submissions, the Court still finds the instant motion insufficient to determine whether the proposed PAGA settlement is "fundamentally fair, adequate and reasonable." *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) (outlining the factors for determining whether a Rule 23 class action settlement proposal is "fundamentally fair, adequate, and reasonable"), *overruled on other grounds by Wal-Mart*, 564 U.S. 338 (2011); *see also Rodriguez v. Belfor USA Grp., Inc.*, No. 22-CV-02071-VKD, 2024 WL 3012798, at *6 (N.D. Cal. June 13, 2024) (explaining that in evaluating a PAGA claim, courts draw upon the *Hanlon* factors to evaluate whether the settlement is "fundamentally fair, adequate, and reasonable"); *Haralson v. U.S. Aviation Servs. Corp.*, 383 F. Supp. 3d 959, 972 (N.D. Cal. 2019) (citations omitted) (noting that a number of district courts have applied "a Rule 23-like standard" to determine whether a PAGA settlement is "fundamentally fair, adequate, and reasonable in light of PAGA's policies and purposes."). Below, the Court highlights several of the most obvious deficiencies that remain in Gilmore's submission.

### A.    Gilmore's Assessment of Defendant Potential Damages

The motion does not identify Defendant Safe Box Logistics, Inc.'s maximum possible PAGA liability or assess the strengths and weaknesses of each labor code violation alleged in the operative complaint, making it difficult for the Court to determine whether the proposed settlement amount is fair, adequate, and reasonable. *See Grady v. RCM Techs., Inc.*, 671 F. Supp. 3d 1065, 1076 (C.D. Cal. 2023) ("[T]he parties have not presented any estimate of [Defendant's] maximum potential liability. . . . Not only is the Court completely in the dark as to how the value of the settlement measures against the class's maximum potential recovery here – i.e., how deeply

the putative class's claims are being discounted – but it also has no information at all as to how an assessment of the strengths and weaknesses of the case warrants whatever discount has been applied."). Rather, the motion offers Gilmore's assessment of Safe Box's "estimated realistic exposure value." *See* Mot. at 15, 21, 29 (asserting that the PAGA settlement represents 27.7% of Safe Box's "realistic" exposure value). Gilmore defends this estimate as reflecting the following risks:

- The risk that the Court will exercise its discretion to drastically reduce PAGA liability (Mot. at 13);
- The risk that an inquiry into why some employees missed meals and breaks may necessarily require an individualized inquiry, preventing the issue from being resolved on behalf of all aggrieved employees (*id.* at 13);
- The risk that the Court may determine that Gilmore cannot recover any purported meal or rest break violations due to federal law preemption (*id.* at 14);
- The risk that the Court will decline to impose subsequent penalties (*id.* at 14);
- The risk that even if Gilmore receives a favorable judgment at trial, Safe Box will be unable to pay (*id.* at 14);
- The general risks and costs of protracted litigation (*id.* at 14); and
- The risk that a fact finder will agree with Safe Box's arguments and defenses to find that the pay period violation rate was significantly lower than contended (*id.* at 15).

While Courts occasionally permit parties to use an estimate of "realistic" liability as the point of comparison for settlement amounts, this is most appropriate where the parties have provided an "extensive analysis" of the underlying claims, which Gilmore has not done. *See*, *e.g.*, *Granados v. Hyatt Corp.*, No. 23-CV-01001-H-VET, 2024 WL 3941828, at *6 (S.D. Cal. Aug. 26, 2024) (accepting the calculation of defendant's "realistic liability" where "class counsel engaged in an extensive analysis of its claims and reasonably estimated [] Defendant's realistic exposure"); *Kryzhanovskiy v. Amazon.com Servs., Inc.*, No. 2:21-CV-01292-BAM, 2024 WL 4189936, at *14 (E.D. Cal. Sept. 13, 2024) (accepting plaintiffs' assertion of defendant's maximum potential damages and statutory penalties where plaintiffs utilized an expert who developed a model to

calculate the estimated damages).

Here, Gilmore does not purport to have utilized an expert or damages model to help calculate Safe Box's maximum potential damage, unlike in *Kryzhanovskiy*. Nor has Gilmore engaged in, as in *Granados*, "an extensive analysis" of Gilmore's claims to warrant acceptance of the calculation of Safe Box's "realistic" exposure value. Indeed, while some of the risks identified by Gilmore's motion may be relevant to determining Safe Box's realistic PAGA liability, the motion lacks an estimate of Safe Box's maximum liability or a thorough assessment of the strengths and weaknesses of each of Gilmore's labor violation claims to allow the Court to determine whether those claims are fairly discounted. *See Grady*, 671 F. Supp. 3d at 1076; *cf. Ramirez v. Merrill Gardens, LLC*, No. 1:22-CV-00542-SAB, 2024 WL 115216, at *16 (E.D. Cal. Jan. 10, 2024) (approving a PAGA settlement worth 7.9% of the maximum calculated reasonable exposure where "Plaintiff submit[ted] the risk-adjusted value of each claim, on a claim-by-claim basis"); *Jordan v. NCI Grp., Inc.*, No. EDCV161701JVSSPX, 2018 WL 1409590, at *3 (C.D. Cal. Jan. 5, 2018) (approving PAGA settlement for less than the maximum value where Plaintiff's attorney "applied various risk discounts to account for the perceived strengths and weaknesses of each claim as well as [defendant's] anticipated defenses.") (internal citation omitted).

In any renewed motion, Gilmore should provide Safe Box's maximum liability for each of the California Labor Code violations alleged in the operative complaint, and she should provide an assessment of each of her claim's strengths and weaknesses, so that the Court can adequately review the fairness, adequacy, and reasonableness of the proposed PAGA settlement.

### B. Gilmore's Failure to Timely File for Class Certification

The Court also remains concerned by Gilmore's failure to timely file for class certification by the June 22, 2023 deadline set by the Court which, as Plaintiff's Counsel has repeatedly acknowledged, "effectively wip[ed] out all of her potential class-wide claims." Mot. at 24; *see also* Plaintiff's First Motion for Approval of PAGA Settlement (ECF 145) at 20; Declaration of Shaun Setareh (ECF 145-1) ¶ 24 ("Defendants contended that Plaintiff could not recover for her class allegations because she did not move for class certification by June 22, 2023, the deadline set forth by the Court.").

4

In any renewed motion, Gilmore shall explain her failure to timely file for class certification, as this information is relevant to the Court's assessment of the adequacy of the PAGA settlement agreement. *See Rocha v. Yoshinoya W., Inc.*, No. CV 06-00487 MMM AJWX, 2007 WL 8398819, at *3 (C.D. Cal. Jan. 8, 2007) (internal citation omitted) ("Plaintiffs' failure to seek [Rule 23] class certification in a timely fashion is a strong 'indic[ation] that plaintiffs are not adequately and fairly representing the interests of the absent class.' "); *see also Haralson*, 383 F. Supp. 3d at 972 (citations omitted) (noting that various courts have applied "a Rule 23-like standard" to assess the sufficiency of a PAGA settlement).

Relatedly, Plaintiff's Counsel shall address this point in any renewed motion for attorneys' fees because, as recognized by Plaintiff's Counsel, "[t]he benefit achieved on behalf of class members defines a primary yardstick against which any fee motion is measured." Mot. Att'ys' Fees (ECF 157) at 13 (citing *Serrano v. Priest*, 20 Cal. 3d 25, 49 (1977); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048 (9th Cir. 2002) ). Plaintiff's Counsel must address why they should receive the fee award they seek when they did not timely file for class certification.[1]

### C. LWDA Response to Proposed Settlement Agreement

In any renewed motion for settlement approval, Gilmore shall notify the Court whether the LWDA has responded to its proposed settlement, including by promptly lodging the LWDA's response with the Court. *See Jennings v. Open Door Mktg., LLC*, No. 15-CV-04080-KAW, 2018 WL 4773057, at *9 (N.D. Cal. Oct. 3, 2018) (relying on Plaintiffs' supplemental brief to determine that the LWDA did not object to the proposed settlement).

## II. CONCLUSION

For the foregoing reasons, the Court **DENIES** Gilmore's second amended motion for approval of the PAGA settlement and motion for attorneys' fees and reimbursement of costs. Any renewed motion for PAGA settlement approval must be filed by no later than June 9, 2025. In

---

[1] That Safe Box does not oppose Gilmore's motion for attorneys' fees and costs, ECF 161, does not alter the Court's independent obligation to determine whether the award sought is reasonable. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011) ("[C]ourts have an independent obligation to ensure that the award [of attorneys' fees and costs], like the settlement itself, is reasonable, even if the parties have already agreed to an amount.").

1 addition to addressing the issues set forth above, the renewed motion should comply with all
2 aspects of the District's Procedural Guidance for Class Action Settlements. If Gilmore requires
3 additional time, she shall seek it no later than May 16, 2025.
4 Should Gilmore elect to not file a renewed motion for PAGA settlement approval by June
5 9, 2025, the parties must file a joint status report no later than June 24, 2025, with a proposal for
6 how this litigation should proceed.

**IT IS SO ORDERED.**

Dated: May 7, 2025

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**